Argued and submitted November 6, 1997, supplemental judgment of the circuit court awarding attorney fees reversed March 26, 1998

Victor ATIYEH,
Vera Katz, Berkeley Lent, Ellen Lowe,
Fred Miller, Betty Roberts,
Herbert M. Schwab, Robert Straub,
R.G. Anderson-Wyckoff,
Oregon School Employees Association,
International Association of Fire Fighters,
Local 1660, City of Eugene,
and League of Oregon Cities,
*Respondents,*

*v.*

STATE OF OREGON
and Phil Keisling, Secretary of State,
*Appellants.*

(CC 16-95-00123; CA A90030; SC S42467)

956 P2d 177

Rives Kistler, Assistant Attorney General, Salem, argued the cause and filed the briefs for appellants. With him on the briefs were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

William F. Gary, of Harrang Long Gary Rudnick, PC, Eugene, argued the cause and filed the brief for respondents. With him on the brief was Brendan Dunn.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Graber, and Durham, Justices.**

GILLETTE, J.

---

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Kulongoski, J., did not participate in the consideration or decision of this case.

## GILLETTE, J.

This is a case in which the sole issue before us is the propriety of a trial court's award of attorney fees to plaintiffs. The award was made under the trial court's inherent equitable authority, as described by this court in *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975). We hold that, under the procedural circumstances present here, the award was inappropriate. We therefore reverse it.

This case began as a declaratory judgment proceeding in the circuit court. In that proceeding, plaintiffs, a group of private citizens, present and former public officials, public employee unions, and municipalities, challenged the constitutionality of an initiative measure that had been approved by the people.[1] Plaintiffs sought a declaration that the measure, Ballot Measure 8 (Measure 8), was unconstitutional in one or more of the following particulars: (1) the measure violated the federal Guarantee Clause;[2] (2) the measure violated Article XVII, section 2, of the Oregon Constitution, because it was a revision, rather than an amendment, to the Oregon Constitution and was not approved by two-thirds of the legislature before it was submitted to the electors;[3] (3) even if it were an amendment, the measure was an impermissible one, because it enshrined an ordinary legislative matter into the Oregon Constitution; and (4) the Secretary of State had a duty to review initiated measures before they were submitted to the people to determine if the measures complied with the Guarantee Clause or constituted impermissible "legislative" amendments. Plaintiffs' complaint also included a request for attorney fees under the authority of *Deras*.

---

[1] Ballot Measure 8 was approved by the voters at the November 8, 1994, general election. It became effective on December 8, 1994.

[2] The Guarantee Clause—Article IV, section 4, of the United States Constitution—provides:

"The United States shall guarantee to every State in this Union a Republican Form of Government * * *."

[3] Article XVII, of the Oregon Constitution, provides district methods for "amending" and "revising" the constitution. Under Article XVII, section 2, the process for "revising" the constitution involves agreement by two-thirds of the members of each house of the legislature, followed by referral to the people for their approval or rejection at the next regular statewide general election.

On cross-motions for summary judgment, the circuit court entered judgment for plaintiffs on their second and third claims for relief: It issued a declaration that Measure 8 was not validly enacted because it revised, rather than amended, the Oregon Constitution and because it sought "to enshrine ordinary laws into the constitution." The court entered summary judgment for the state on plaintiffs' first and fourth claims: It declared that the Guarantee Clause claim was not justiciable, and it dismissed plaintiffs' claim that preenactment review of proposed initiative measures by the Secretary of State for certain issues was constitutionally required. Both sides appealed to this court from the ensuing judgment.[4]

After the circuit court had issued its judgment on the merits, in a timely manner, plaintiffs filed a request for $67,132.19 in attorney fees. Over the state's objection, the circuit court entered a supplemental judgment awarding the fees that plaintiffs had requested. The state appealed that supplemental judgment, an appeal that the Court of Appeals again certified to this court. We held that appeal in abeyance until it was possible to resolve the merits of the underlying claims.

On September 26, 1996, this court dismissed the parties' appeals on the merits in this case as moot. *Atiyeh v. State of Oregon*, 323 Or 413, 414, 918 P2d 795 (1996) (memorandum opinion). That disposition was based on the court's conclusion that the issues had been mooted by the court's decision in *Oregon State Police Officers' Assn. v. State of Oregon*, 323 Or 356, 918 P2d 765 (1996), which had invalidated Measure 8 on grounds other than those advanced by plaintiffs here.[5] The state's appeal of the award of attorney fees then was briefed and argued.

On appeal, the state argues two points. It argues, first, that the court should have made no award of attorney fees. Second, it argues that, even assuming that some award

---

[4] The legislature directed the Court of Appeals to certify to this court any appeal from a circuit court decision that invalidated on constitutional grounds all or a portion of Measure 8. Or Laws 1995, ch 284, § 2.

[5] The parties do not challenge the court's mootness determination in this proceeding.

of attorney fees was justified, the amount awarded in this case was not the appropriate amount. For the reasons that follow, we agree with the state's first argument. We therefore do not reach the second argument.

■  Ordinarily, "American courts will not award attorney's fees to the prevailing party[6] absent authorization of statute or contract." *Mattiza v. Foster*, 311 Or 1, 4, 803 P2d 723 (1990) (quoting *Deras*, 272 Or at 65-66). No statutory or contractual authorization exists here. This court nonetheless has recognized an exception to the foregoing rule: Courts retain the inherent, equitable power to award to the prevailing party attorney fees in appropriate circumstances. *See, e.g., Dennehy v. City of Gresham*, 314 Or 600, 602, 841 P2d 633 (1992); *Deras*, 272 Or at 66.

In *Deras*, the plaintiff challenged statutes that sought to limit campaign expenditures by candidates for public office. The court held those statutes unconstitutional and awarded the plaintiff attorney fees under its equitable powers. The court noted that its power so to award fees generally is "exercised in cases where the plaintiff brings suit in a representative capacity and succeeds in protecting the rights of others as much as his own." 272 Or at 66. There, the award was justified because of the nature of the litigation's benefit—the "preservation of the individual liberties guaranteed against governmental infringement of the constitution"—and because the benefit flowed equally to other members of the public as well as to the plaintiff. *Ibid.*

*Deras* in turn relied on the court's opinion in *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 384 P2d 136 (1963), 390 P2d 320 (1964), where the court awarded attorney fees to members of a union who had prevailed in a suit to require their union to perform its internal duties in a legal and democratic manner. The court held that the power to award fees was inherent in the court's power to do equity, 237 Or at 137, 141, and explained:

"The elimination of improper practices in union affairs benefits not only the plaintiff who initiates the suit but also

---

[6] We assume for the purposes of this opinion that plaintiffs were the "prevailing party" in the circuit court.

inures to the members of the union and the public as well. The cost of employing counsel should not be visited upon the persons who bring the suit and prevail." *Id.* at 141.

The foregoing cases establish that, as a requirement for the award of attorney fees in cases of this kind, the prevailing party must have succeeded in "protecting the rights of others as much as his own." *Deras*, 272 Or at 66. That requirement is not satisfied here. Plaintiffs' victory in the trial court confirmed their status as prevailing parties, but that is all that it did. This court's dismissal of the appeal on the ground of mootness left the trial court's judgment in place, but it also prevented the state from seeking a determination that the trial court's concededly moot decision was incorrect on the merits. Under those circumstances, it would be inequitable to permit the award of attorney fees to stand. Plaintiffs prevailed but, because the state's appeal was cut short by mootness, we cannot conclude that the judgment actually protects the rights of anyone. Plaintiffs' degree of success falls short of the showing required by *Deras* and *Gilbert*. The trial court's decision to award attorney fees must be reversed.

The supplemental judgment of the circuit court awarding attorney fees is reversed.