Argued and submitted September 10, reversed and
remanded December 24, 1979, reconsideration denied January 31,
petition for review denied March 11, 1980 (288 Or 667)

# WILLIAMS, et al,
*Appellants,*

*v.*

# CITY OF ASTORIA, et al,
*Respondents.*

## (No. CC 76-211, CA 12601)

604 P2d 411

[745]

Jonathan A. Ater, Portland, argued the cause for appellants. With him on the brief was Tom Hanlon, Warrenton.

Steven D. Gerttula, Astoria, argued the cause and filed the brief for respondents.

Before Joseph, Presiding Judge, and Lee and Richardson, Judges.

LEE, J.

**LEE, J.**

Plaintiffs, employees of the City of Astoria, brought a declaratory judgment action challenging the validity of a charter section and certain ordinance provisions of the City of Astoria relating to political activities. Following entry of a preliminary injunction, Astoria amended the challenged ordinance provisions. The case was submitted to the trial court on stipulated facts. The trial court upheld the validity of both the charter section and the amended ordinance and awarded attorney fees to plaintiffs through the preliminary injunction stage of the proceedings. Plaintiffs seek reversal of the decree of the trial court plus an award of additional attorney fees.

Plaintiffs contend that section 33(e) of the Astoria charter and subsections (2) and (4) of Astoria ordinance section 1.185, as amended, are preempted by ORS 260.432. Plaintiffs also contend that the Astoria provisions are unconstitutionally vague and overbroad.

Section 33(e) of the Astoria charter provides:

"Neither the manager nor any person in the employ of the city, shall take any part in securing, or shall contribute any money toward the nomination or election of any candidate for municipal office."

Astoria ordinance section 1.185 provides in pertinent part:

"1.185 *Political Activities:*
"* * * * *

"2. No city employee shall solicit any monies, service or other things of value on behalf of a candidate for councilman or mayor or in any manner aid or promote any individual for such positions.
"* * * * *

"4. No city employee shall solicit any money, influence, service or other thing of value or otherwise aid or promote any measure or any political committee or the nomination or election of any person to public office while on the job during working hours."

[747]

Astoria ordinance section 1.200 provides:

"1.200 *Violation:*

"The violation of any provision of 1.185 * * * is ground for discharge of any officer or employee."

Prior to initiating this proceeding, plaintiffs were individually and severally active in political activities including the following: (1) donating money, while off duty, to the campaign fund of a candidate for Astoria City Council; (2) placing campaign posters on their residential lawns regarding candidates for Astoria City Council; (3) placing bumper stickers on their private automobiles regarding candidates for Astoria City Council; and (4) publishing campaign literature, while off duty, for candidates for Astoria City Council. Plaintiffs plan to continue such activities.[1]

The dispositive issue is whether Astoria ordinance section 1.185(2) and (4) and charter section 33(e) are displaced by ORS 260.432, which regulates political activities of public employees.

The leading case on the subject of resolving conflicts between state and local enactments is *LaGrande/Astoria v. PERB*, 281 Or 137, 576 P2d 1204, *aff'd on rehearing* 284 Or 173, 586 P2d 765 (1978). There, the cities of LaGrande and Astoria in a declaratory judgment suit challenged, under the home rule amendments,[2] the constitutionality of a statute requiring all

---

[1] In this declaratory judgment action we find that a sufficiently adverse interest exists between plaintiff city employees and defendant city and that the case is ripe for review.

[2] Or Const, Art IV, § 1(5):

"The initiative and referendum powers reserved to the people by subsections (2) and (3) of this section are further reserved to the qualified voters of each municipality and district as to all local, special and municipal legislation of every character in or for their municipality or district. The manner of exercising those powers shall be provided by general laws, but cities may provide the manner of exercising those powers as to their municipal legislation. In a city, not more than 15 percent of the qualified voters may be required to propose legislation by the initiative, and not more than 10 percent of the qualified voters may be required to order a referendum on legislation."

municipal, county, and district police officers and firemen to be brought within state Public Employes Retirement System unless the public employer provided them with equal or better retirement benefits. The court held that these statutes did not unconstitutionally alter the cities' form of government, since the statutes were addressed to a statewide substantive, social objective rather than to any asserted concern with the modes of local government. The court established the following test for resolving conflicts, under the home rule amendments, between state and local enactments:

> "When a statute is addressed to a concern of the state with the structure and procedures of local agencies, the statute impinges on the powers reserved by the amendments to the citizens of local communities. Such a state concern must be justified by a need to safeguard the interests of persons or entities affected by the procedures of local government.

> "Conversely, a general law addressed primarily to *substantive social,* economic, or other regulatory objectives of the *state prevails* over contrary policies preferred by some local governments if it is *clearly intended* to do so, unless the law is shown to be irreconcilable with the local community's freedom to choose its own political form. In that case, such a state law must yield in those particulars necessary to preserve that freedom of local organization." 281 Or at 156. (Emphasis supplied.)

Turning to the pertinent statute, ORS 260.432, as amended in 1979,[3] provides:

---

Or Const, Art XI, § 2:

"* * * The Legislative Assembly shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon * * *."

[3] Since the time of the proceedings below, this statute was amended. The primary impact of the amendment was to provide a penalty for violations in new subsection (4), renumbering former subsection (4) as new subsection (5).

Plaintiffs stipulate that the constitutionality of ORS 260.432 is not at issue.

"(1) No person shall attempt to, or actually, coerce, command or require a public employe to influence or give money, service or other thing of value to aid, promote or oppose any political committee or to aid, promote or oppose the nomination or election of a candidate, the adoption of a measure or the recall of a public office holder.

"2) No public employe shall solicit any money, influence, service or other thing of value or otherwise aid or promote any political committee or aid, promote or oppose the nomination or election of a candidate, the adoption of a measure or the recall of a public office holder while on the job during working hours. However, this section does not restrict the right of a public employe to express personal political views.

"(3) Each public employer shall have posted in a conspicuous place likely to be seen by its employes the following notice in printed or typewritten form:

---

### "ATTENTION ALL PUBLIC EMPLOYES:

"The restrictions imposed by the law of the State of Oregon on your political activities are that 'No public employe shall solicit any money, influence, service or other thing of value or otherwise aid or promote any political committee or aid, promote or oppose the nomination or election of a candidate, the adoption of a measure or the recall of a public office holder while on the job during working hours. However, this section does not restrict the right of a public employe to express personal political views.'

"It is therefore the policy of the state and of your public employer that you may engage in political activity except to the extent prohibited by state law when on the job during working hours."

---

"* * * * *

"(5) As used in this section 'public employer' means the state and any of its agencies and institutions, and includes a city, county or other political subdivision."

A "public employer" is expressly defined in ORS 260.432(5) to include a city. It follows that "public employe" includes city employees. Thus, the City of Astoria,[4] as a public employer, and plaintiffs, as public employees, fall squarely within the purview of this statute.

We must initially determine whether ORS 260.432 is addressed primarily to modes of local government or to statewide substantive, social, economic, or other regulatory objectives. In making this distinction, the Court in *LaGrande* found:

"The [state] provisions for financial security for police officers and firemen and their dependents in the event of retirement, disability, or death address a *social concern* with the living standards of these classes of workers, not with local governments as such. *Various categories of employees are not placed beyond the reach of the state's social legislation merely because their occupational functions * * * happen to be found in the public section of local government.*" 281 Or at 156-57. (Emphasis supplied.)

The statute before us is a general law which establishes the permissible degree of regulation of the political freedoms of public employees. Political freedom is a "fundamental principle of a democratic society," *Sweezy v. New Hampshire*, 354 US 234, 250, 77 S Ct 1203, 1 L Ed 2d 1311 (1957), and legislation in this area touches upon a substantive social concern. The protection accorded these rights by ORS 260.432 represents a substantive state policy. Like the statute sustained in *LaGrande*, ORS 260.432 may limit the city's regulation of its employees, but it does not interfere

---

[4] The City of Astoria has complied with the notice requirement of ORS 260.432(3).

with the city's freedom to choose its own governmental structure.

Next, it is necessary to determine whether "the local rule in truth is incompatible with the legislative policy, either because both cannot operate concurrently or because the legislature meant its law to be exclusive." *LaGrande*, 281 Or at 148. We are to interpret local enactments to be intended to function consistently with state laws and to assume the legislature does not mean to displace local enactments by state law unless that intention is apparent. *LaGrande*, 281 Or at 148-49.

ORS 260.432, by its very terms, is exclusive. The statutory notice provision in subsection (3) restricts certain on-the-job political activities, but explicitly protects the employee's right to express personal political views, even during working hours. Legislative intent that the statute be exclusive is apparent:

> "* * * It is therefore the *policy of the state* and of your public employer that you *may engage* in political activity *except to the extent prohibited by state law* when *on the job* during working hours." ORS 260.432(3). (Emphasis supplied.)

Astoria charter section 33(e) and ordinance section 1.185(2) leave municipal political activities of city employees subject to virtually complete restriction when the employee is off the job. These enactments conflict with the legislative intent that state law be exclusive. Accordingly, we hold that section 33(e) of the Astoria charter and subsections (2) and (4) of ordinance section 1.185 are preempted by ORS 260.432,[5] a law which is not irreconcilable with Astoria's freedom to choose its own governmental structure.

---

[5] We express no view on the effect of federal restrictions on political rights of certain state and local public employees, employed by agencies in an activity which is financed in whole or in part by loans or grants made by the United States or federal agency.

The trial court awarded attorney fees to plaintiffs through the preliminary injunction stage of the proceedings. We do not pass on the question of whether the trial court was correct in awarding such fees to plaintiffs as the nonprevailing party at the trial level. We hold that plaintiffs, as a prevailing party on appeal, are entitled to attorney fees through the entire proceedings. *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975). As the Supreme Court stated in *Deras v. Myers, supra* at 66:

"* * * [C]ourts of equity have the inherent power to award attorney's fees. This power frequently has been exercised in cases where the plaintiff brings suit in a representative capacity and succeeds in protecting the rights of others as much as his own.

"* * * * *

"* * * Correspondingly, plaintiff * * * should not be required to bear the entire cost of this litigation the benefits of which flow equally to all members of the public. * * *"

The case is remanded for determination of reasonable attorney fees at the trial level.

Reversed and remanded.