Ordered submitted on briefs and record November 10, judgment of Tax Court affirmed November 19, 1992

Thomas P. DENNEHY,
Don McIntire, Don Nelson, Harry Barnes,
Ron Smith, Cathy Smith, Louann Sue Myers,
Maurice Unis, Tom Nelson, Valerie Nelson,
Gresham Health Club, Inc.,
Gresham Court Club, Inc.,
Jim Weston Pontiac-GMC, Inc.,
and Romaine McIntire,
*Appellants,*

*v.*

CITY OF GRESHAM,
an Oregon city,
*Respondent.*

(OTC 3175; SC S39249)

841 P2d 633

Gregory W. Byrne, of Byrne, Barrow & Smith, Portland, filed the briefs for appellants.

Matthew R. Baines, Assistant City Attorney, and Thomas Sponsler, City Attorney, Gresham, filed the brief for respondent.

Before Carson, Chief Justice, and Peterson, Gillette, Van Hoomissen, Fadeley, and Graber, Justices.

GILLETTE, J.

## GILLETTE, J.

This is a direct appeal from a judgment of the Oregon Tax Court. Pursuant to ORS 305.583,[1] 14 interested taxpayers petitioned for a determination of the effect of Article XI, section 11b, of the Oregon Constitution (commonly referred to as "Measure 5") on a storm drain user charge imposed by the City of Gresham. The Tax Court held that the charge was a "tax" as defined by Article XI, section 11b, and thus subject to the limits of that provision. Neither party has sought review of that decision on the merits. Petitioners also requested an award of attorney fees from the Tax Court under the "inherent equitable powers" of the court, citing *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975). Relying on this court's decision in *Dennehy v. Dept. of Rev.*, 308 Or 423, 781 P2d 346 (1989), the Tax Court ruled that petitioners were not entitled to recover attorney fees. *Dennehy v. City of Gresham*, 12 OTR 194 (1992). Petitioners seek review of that denial. We affirm the decision of the Tax Court.

In *Deras v. Myers, supra*, this court acknowledged that, even in the absence of express statutory authorization, "courts of equity have the inherent power to award attorney's fees." 272 Or at 66. In *Deras*, where the plaintiff had vindicated an important constitutional right applying to all citizens without any gain peculiar to himself, this court chose to exercise that inherent power. Since the decision in *Deras*, however, this court usually has chosen not to exercise that power. *See, e.g., Samuel v. Frohnmayer*, 308 Or 362, 779 P2d 1028 (1989) (holding that an award of attorney fees under *Deras* was not appropriate); *Lewis v. Dept. of Rev.*, 294 Or 139, 653 P2d 1265 (1982) (same); *Cook v. Employment Division*, 293 Or 398, 649 P2d 594 (1982) (same); *Northwestern Pac. Indem. v. Canutt*, 280 Or 375, 382-83, 570 P2d 1182 (1977) (noting that this court has exercised its power under *Deras* "very sparingly").

---

[1] ORS 305.583(1) provides:

"Ten interested taxpayers may petition the Oregon Tax Court to determine the effect of the limits of section 11b, Article XI of the Oregon Constitution on any tax, fee, charge or assessment imposed by a unit of government. For purposes of this section, 'interested taxpayers' means persons who are subject to the tax, fee, charge or assessment in question."

In *Dennehy v. Dept. of Rev., supra,* this court held that *Deras* was not applicable to a property tax assessment case before the Tax Court. The court distinguished the tax case from *Deras* on the following grounds:

"*Deras* was a proceeding in equity seeking an injunction against the enforcement of certain election laws. The plaintiff was not seeking to vindicate any pecuniary or other special interest of his own aside from that shared with the public at large. In addition, the legislature had not seen fit to authorize the award of attorney fees to parties in some species of lawsuits over the election laws, but not in others. The present case, by contrast, involves a personal pecuniary interest of the plaintiff (*albeit* a very small one), *i.e.,* it is an action at law in which plaintiff sought a declaration of his rights and the return of money. No injunctive or other equitable relief was sought or granted. Furthermore, the action was brought in a court that has been granted limited and circumscribed authority to award attorney fees in certain cases."

308 Or at 427-28 (emphasis in original). Consequently, this court held that the Tax Court had erred in awarding plaintiff attorney fees.

 Relying on that passage in *Dennehy,* the Tax Court in the present case concluded that, "[a]pparently, the specialized jurisdiction of this court and the fact that the nature of its cases deal with money, as opposed to political rights, make it an exception to the general [*Deras*] principles." *Dennehy v. City of Gresham, supra,* 12 OTR at 201. Thus, the Tax Court interpreted *Dennehy* as holding that the Tax Court may *never* award attorney fees under *Deras,* because it does not have the "inherent equitable power" to do so. However, *Dennehy* should not be read quite so broadly. Although the Tax Court may have the power to award attorney fees in an appropriate case under its general equitable powers,[2] the facts of a particular case or class of cases may be such that exercise of that power would constitute error. Thus, in *Dennehy,* it was the particular facts involved, when compared

_____

[2] ORS 305.405 provides, in part:

"The tax court * * * (2) [h]as the same powers as a circuit court[ and] (3) [h]as and may exercise all ordinary and extraordinary legal, equitable and provisional remedies available in the circuit courts, as well as such additional remedies as may be assigned to it."

with those of *Deras*, that made an award of attorney fees inappropriate. This conclusion, however, did not in any sense purport to deny the existence of the general equitable powers that the legislature has granted to the Tax Court or of that court's authority pursuant to those powers to award an attorney fee in an appropriate case.

Most recently, in *City of Portland v. Smith*, 314 Or 178, 838 P2d 568 (1992), a tax case, like the present one, involving Article XI, section 11b, this court noted that "[a]ttorney fees are not recoverable in cases such as this." *Id.* at 193-94 n 6. We first quoted language from *Dennehy* regarding the lack of a statutory basis for awarding attorney fees, but then stated that *"[f]actually, this case differs from Deras v. Myers, [supra]*, our seminal case in this area." *Id.* (emphasis added). Thus, this court confirmed that the propriety of an award of attorney fees under *Deras* depends on the particular facts involved.

■ In the present case, as in *Dennehy* and *City of Portland*, the facts simply do not justify exercise of the "inherent equitable power" to award attorney fees. Petitioners' action did not succeed in having a tax declared unconstitutional, as they contend, but rather succeeded in having a particular storm drain user charge imposed by the City of Gresham declared a "tax" under Article XI, section 11b. Pursuant to that declaration, the City of Gresham must now comply with Article XI, section 11b, in seeking to collect this charge in the future.

These facts are like those of *Dennehy* and *City of Portland* and, more importantly, are a far cry from the facts of *Deras*, where the plaintiff vindicated an important constitutional right applying to all citizens without any gain peculiar to the plaintiff. Consequently, the Tax Court was correct when it held that petitioners were not entitled to recover attorney fees in this instance, although the explanation given by that court was incorrect.

The judgment of the Tax Court is affirmed.