Argued and submitted February 3, motion to dismiss denied; award of attorney fees reversed in part; otherwise affirmed on appeals and cross-appeal October 6, Koon's petition for reconsideration and City of Gresham's petition for reconsideration denied December 29, 1993, both petitions for review denied January 18, 1994
(318 Or 326)

# Howard KOON,
## Jack Adams and Marlene Angel,
*Respondents - Cross-Appellants,*

*and*

## Ken HUNTER,
*Respondent,*

*v.*

# CITY OF GRESHAM,
*Appellant - Cross-Respondent.*

(A8906-03531; CA A65588 (Control))

# ROCKWOOD WATER DISTRICT,
*Respondent,*

*v.*

# CITY OF GRESHAM,
*Appellant.*

(A8909-05707; CA A66660)
(Cases Consolidated)

860 P2d 848

Elizabeth K. Reed, Assistant City Attorney, Gresham, argued the cause for appellant - cross-respondent and appellant. With her on the briefs was Thomas Sponsler, City Attorney, Gresham.

Daniel W. Meek, Portland, argued the cause for respondents - cross-appellants. With him on the brief was Linda K. Williams, Portland.

Leslie M. Roberts, Portland, argued the cause for respondent Rockwood Water District. With her on the brief was Josselson, Potter & Roberts, Portland.

No appearance for respondent Ken Hunter.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

In these consolidated declaratory judgment actions, Howard Koon and other individuals (individual plaintiffs) and Rockwood Water District (district) sought declarations that defendant City of Gresham (city) had not effectively withdrawn certain territories from the district at the times that the city annexed the territories between 1972 and 1989, and that a 1989 ordinance enacted by the city also did not succeed in withdrawing the territory. The trial court agreed that, under the changing and conflicting statutory requirements for withdrawal of territory that were in effect before 1985, and after the 1985 and 1989 amendments to the statutes, none of the annexations resulted in withdrawals pursuant to the statutes themselves, and that the 1989 ordinance also did not have the effect of withdrawing the territory. The court further concluded that the purported withdrawals were contrary to a 1984 intergovernmental agreement between the city and the district, because the city did not give the district the six-month notice required by that agreement before attempting the withdrawals. After ruling on the merits, the trial court allowed the individual plaintiffs attorney fees under the "public benefit" theory articulated in *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975), and its progeny.

■ The city appeals from the judgments on the merits and from the award of attorney fees to the individual plaintiffs. The individual plaintiffs cross-appeal and also move to dismiss the city's appeal from the judgment in their favor. Those plaintiffs contend in their motion to dismiss that the issue has been rendered moot by events that have occurred since the trial court made its dispositive rulings, *i.e.*, the city's adoption of a second ordinance in 1990 that withdraws the territory in question and that no party has challenged, and the fact that the district's assets are now owned by a separate entity, Rockwood Water PUD, which the individual plaintiffs contend cannot be affected by any withdrawal of territory from the district. On the present record, we cannot say that the facts and legal contentions on which the individual plaintiffs rely "moot" the issues raised by the city's appeals. Much of the individual plaintiffs' argument is based on their understanding that the city "concedes" or does not dispute their points about the post-1989 events and their legal effect.

However, the city does contest some of the relevant points. The motion to dismiss is denied.

■ We next turn to the city's appeals from the judgments on the merits for the individual plaintiffs and the district. We agree with the district that the city's failure to comply with the notice requirement of the 1984 agreement invalidates whatever withdrawals might otherwise have been accomplished. *See* Or Laws 1989, ch 483, § 2(1). We also agree with the district's and the trial court's statutory analysis and with their conclusion that the putative withdrawals were ineffective under the applicable statutes.

■ The city next argues that the trial court erred in awarding attorney fees to the individual plaintiffs. We said in *Marbet v. Portland Gen. Elect.*, 25 Or App 469, 488, 550 P2d 465 (1976), *rev'd on other grounds*, 277 Or 447, 561 P2d 154 (1977):

> "Intervenors claim a right to attorney fees for prosecuting this appeal, relying upon *Deras v. Myers*, [*supra*]. Their reliance is misplaced. To date, the Oregon Supreme Court has employed the equitable rule on attorney fees only in cases of constitutional significance. This case raises no constitutional issues." (Citations omitted.)

*See also Umrein v. Heimbigner*, 53 Or App 871, 632 P2d 1365 (1981).

We suggested in *Umrein* that an award of attorney fees under the rationale of *Deras v. Myers, supra*, is discretionary with the trial court. 53 Or App at 878. However, the Supreme Court later made clear in *Lewis v. Dept. of Rev.*, 294 Or 139, 143, 653 P2d 1265 (1982), that it is within the province of the appellate courts to determine whether the predicates for an award are present, *i.e.*, whether the subject of the action is one of general importance and whether the plaintiff sought to vindicate the rights of a large class of persons.

Without deciding whether we were correct in *Marbet* in limiting *Deras* only to questions of constitutional magnitude, it is clear that the logic of the attorney fee analysis in *Deras* and later cases applies only when the issue is one of *some* magnitude and when the plaintiff obtains some cognizable public benefit. The individual plaintiffs here do not

satisfactorily explain how they satisfied those minimal criteria. As noted earlier, the individual plaintiffs assert in their own motion to dismiss the city's appeal that the issue is moot, because the city lawfully did in 1990 what this entire litigation has resulted in holding that it did not succeed in doing in 1989. Moreover, the 1989 statute that restored the city's authority to withdraw the territory in the way that the individual plaintiffs concede that it did in 1990 was in effect at the time that the judgments in these cases were entered. Or Laws 1989, ch 483, § 1.

In the interim between the original annexations and 1990, little of substance occurred as a result of the city's actions affecting the territory. As the district notes in its brief:

"Rockwood never surrendered operations within either category of annexed territory and none of the withdrawals which are the subject of this appeal had been given any practical effect by the two governments involved in this litigation at the time [the trial court] granted Rockwood a judgment declaring the withdrawals of no legal effect."

In sum, all that was at issue in this case was whether the city had followed proper procedures to withdraw territory that, by the time the case was over, it clearly had the legal authority to withdraw. Insofar as any party apprises us, no disruption of public services and no actual transfer of public assets resulted, and the district expressly states that that did not occur. We conclude that the court erred by awarding attorney fees.

The city's assignment of error also challenges the trial court's award of costs to the individual plaintiffs. We find no error in that award. Our disposition of the attorney fee issue makes discussion of the cross-appeal unnecessary. We have considered the parties' other arguments, and we do not believe that they require discussion.

Motion to dismiss denied; award of attorney fees to individual plaintiffs reversed; otherwise affirmed on appeals and cross-appeal.