Stephen BEAL
*v.*
OREGON DEPARTMENT OF REVENUE
*and*
CITY OF GRESHAM,
*Intervenor*
(TC 3509)

Gregory W. Byrne, Portland, represented plaintiff.

Joseph A. Laronge, Assistant Attorney General, Salem, represented defendant.

Matthew R. Baines, Assistant City Attorney, Gresham, represented intervenor.

Decision for intervenor rendered April 29, 1994.

## CARL N. BYERS, Judge.

This matter is before the court on intervenor's and plaintiff's Motions for Summary Judgment. There is no dispute as to the facts, other than whether Gresham's stormwater sewer charge is part of the tax base.

Intervenor imposes a stormwater charge on property as a means of paying for its storm drainage systems.[1] The charge is based on the amount of impervious surface area on each property. This court previously found that such a charge is a "tax" within the meaning of Article XI, section 11b, of the Oregon Constitution. *Dennehy v. City of Gresham*, 12 OTR 194 (1992).[2]

By notice dated October 9, 1992, intervenor certified its tax levy for the 1992-93 fiscal year. Intervenor included stormwater charges in the amount of $1,402,457.70 under the category of "special assessments, fees and charges." When that amount is added to the total property tax levy of $11,432,245, the total amount exceeds the tax limitation imposed by Article XI, section 11(1), of the Oregon Constitution.

On December 21, 1992, plaintiff petitioned the Department of Revenue for an order declaring that the stormwater charge exceeds the limitations of Article XI, section 11(1), of the Oregon Constitution, and is therefore void. Defendant denied plaintiff's petition on the ground that it lacked jurisdiction.[3] Plaintiff then appealed to this court, alleging injury if intervenor is allowed to collect the stormwater charges.

Intervenor's response raises two issues:

(1) Whether plaintiff was required to comply with the provisions of ORS 294.485.

(2) Whether the stormwater charges are a tax within the meaning of Article XI, section 11(1), of the Oregon Constitution.

---

[1] The intervenor, City of Gresham, erroneously refers to itself in its brief as a defendant.

[2] The Oregon Supreme Court affirmed the Tax Court on the issue of attorney's fees in *Dennehy v. City of Gresham*, 314 Or 600, 841 P2d 633 (1992).

[3] The department erroneously declined jurisdiction on the ground that ORS 305.580 and 305.583 provided the exclusive remedy for raising the issue.

Intervenor contends that plaintiff was required to comply with ORS 294.485.[4] The relevant portions of that statute provide:

"(1)  Any tax levy made contrary to the provisions of ORS 294.305 to 294.520, 294.555 and 294.565 or any other law relating to the making of tax levies shall be voidable as provided in subsection (2) of this section and ORS 310.070.

"(2)  The county assessor, county court, board of county commissioners, the Department of Revenue, Tax Supervising and Conservation Commission or 10 interested taxpayers may appeal to the Oregon Tax Court and such appeal shall be perfected in the following manner only:

"(a)  Within 30 days after the notice of tax levy is filed with the county assessor, the appealing party shall file an original and two certified copies of a complaint with the clerk of the Oregon Tax Court at its principal office in Salem, Oregon. Such filing in the Oregon Tax Court shall constitute the perfection of the appeal."

■     Intervenor claims this statute is the exclusive remedy for attacking a tax levy by a taxpayer. However, the statute does not state it is the exclusive remedy, only that the appeal must be perfected in a specific manner. The complaint must be filed in the Oregon Tax Court within 30 days after the notice of tax levy is filed with the county assessor. Plaintiff did not comply with this requirement.

Plaintiff contends ORS 294.485 is not an exclusive remedy and by its very terms affords a remedy under ORS 310.070. That statute provides:

"If the levy reported to the clerk and assessor under ORS 310.060 is in excess of the constitutional or statutory limitations, or both, the assessor, upon the advice of the Department of Revenue, shall extend upon the tax roll of the county only such part of the levy as will comply with the constitutional and statutory limitations and requirements governing the levy."

Although nothing prevents a taxpayer from petitioning the department to act under this section, the court concludes that such a petition may not be used as a means of attacking a tax levy. ORS 310.070 prescribes the action an

---

[4] All references to the Oregon Revised Statutes are to the 1991 Replacement Part.

assessor should take to avoid violating the constitution or statutes. It is not intended as a remedy for taxpayers to challenge a tax levy. Furthermore, ORS 305.275 provides a right to appeal from an "act or omission" of the department or the assessor only when "there is no other statutory right of appeal." ORS 305.275(1). ORS 294.485 provides another right of appeal.

■    ORS 294.485 provides the procedure by which taxpayers may challenge a tax levy. That challenge may be on the grounds that the levy is made contrary to the provisions of the Local Budget Law (ORS 294.305 to 294.520, 294.555 and 294.565), "or any other law relating to the making of tax levies." ORS 294.485(1). Constitutional limitations on taxes is one of the "other laws" that may be the basis for a challenge.

■    The making of a tax levy by a unit of local government ends with the certification of the levy to the assessor. Extending the tax levy on the roll is a separate act. There is no statute which prevents a taxpayer from petitioning the Department of Revenue to advise an assessor to extend only part of a levy on the tax roll. However, that is not what plaintiff sought here. Plaintiff's petition to the Department of Revenue asked for more than advice to be given to the assessor. Plaintiff asked that the levy be held void, a remedy ORS 294.485 is intended to provide. If the court adopted plaintiff's position, taxpayers could avoid the requirements of ORS 294.485 by seeking relief under the general appeal provisions of ORS 305.275. There is no indication the legislature intended to permit this result.

There is no question plaintiff failed to comply with the provisions of ORS 294.485. Accordingly, plaintiff has failed to perfect an appeal entitling him to challenge the tax levy. Now, therefore,

IT IS ORDERED that intervenor's Motion for Summary Judgment is granted, and

IT IS FURTHER ORDERED that plaintiff's Motion for Summary Judgment is denied.