On respondents' and respondents' attorney's petition for attorney fees filed January 6; and on objection to petition for attorney fees filed February 3, petition for attorney fees allowed June 16, petition for review denied November 30, 1999 (329 Or 528)

Christine A. TANNER;
Barbara J. Limandri; Regenia M. Phillips;
Lisa J. Chickadonz; Terrie A. Lyons;
and Kathleen A. Grogan,
*Respondents,*

*v.*

OREGON HEALTH SCIENCES UNIVERSITY,
a division of the State of Oregon;
State Board of Higher Education,
a division of the State of Oregon;
Executive Department of the State of Oregon;
the State of Oregon;
Oregon Health Sciences University,
a public corporation;
and Public Employees' Benefits Board,
*Appellants.*

(9201-00369; CA A94458)

980 P2d 186

Carl G. Kiss for petition.

Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General, *contra.*

Before Haselton, Presiding Judge, and Landau and Armstrong, Judges.

LANDAU, J.

## LANDAU, J.

Plaintiffs, the prevailing parties in *Tanner v. OHSU*, 157 Or App 502, 971 P2d 435 (1998), petition for an award of attorney fees of $125,677.50. They contend that they are entitled to an award either under ORS 20.107 or under *Deras v. Meyers*, 272 Or 47, 535 P2d 541 (1975). The amount of their request is based on the number of hours of work performed by counsel multiplied by a rate of $325 per hour, which represents counsel's ordinary noncontingent hourly rate of $162.50 per hour, increased by a factor of two to reflect the complexity of the case and the extraordinary results that counsel obtained. Defendants oppose the petition on the ground that plaintiffs are not entitled to attorney fees under either ORS 20.107 or *Deras*. In the alternative, defendants argue that, if plaintiffs are entitled to an award of fees, the amount of the award should be $62,838.75, calculated by multiplying the number of hours billed by counsel's standard hourly rate. We do not address whether plaintiffs are entitled to attorney fees under ORS 20.107, because we conclude that, even assuming that they are not, they are entitled to fees under *Deras*. We further conclude that $77,340, representing the time billed at a rate of $200 per hour, constitutes a reasonable award of attorney fees given the nature of the issues involved, the skill and experience of counsel and the quality of representation.

In the underlying litigation, plaintiffs—three lesbian employees of Oregon Health Sciences University (OHSU) and their domestic partners—contended that defendants unlawfully deprived them of health insurance employment benefits because of their sexual orientation. Plaintiffs contacted between 20 and 30 lawyers before finding one who would represent them on a *pro bono* or contingent fee basis. Plaintiffs retained counsel to represent them in the action. Counsel is a sole practitioner in private practice who, for the past 15 years, has specialized in employment law litigation and nonemployment tort litigation. The retainer agreement between plaintiffs and their counsel provides, in pertinent part:

> "The fee for legal services shall only be that attorney fee, if any, that the Court awards as fair compensation for the undersigned attorney's handling of this case. * * *

> "Compensable time spent by attorney on the above-described matters shall include without limitation legal research, conferences with client and potential witnesses, correspondence preparation and review, negotiation sessions, preparation of pleadings, discovery proceedings, preparation of affidavits and pretrial motions and responses to motions, pretrial court appearances, preparation for trial, the trial itself (if any), and all work on any appeals (if any).

> "* * * * *

> "If a Court awards attorney fees, each client agrees that she is not entitled to any portion of same."

Plaintiffs brought claims under ORS 659.030(1)(b) and Article I, section 20, of the Oregon Constitution. The trial court held in favor of plaintiffs on both claims. On appeal, we dismissed all defendants save OHSU on mootness grounds. We then held that the trial court erred in granting relief under ORS 659.030(1)(b), but that the court correctly held in favor of plaintiffs on their claim that the denial of benefits violated Article I, section 20, of the Oregon Constitution.

In the course of the appeal, plaintiffs' counsel billed 386.7 hours of work. No one contests the reasonableness of that total. Counsel regularly bills his time at a rate of $162.50 per hour. Affidavits from several experienced Oregon attorneys submitted in support of the fee petition suggest that the rate is relatively low for noncontingent fee work and that lawyers with comparable experience and expertise command an hourly rate of between $180-$200 per hour. Defendants submitted no controverting affidavits.

In *Deras*, the Supreme Court held:

> "[A]s a general rule American courts will not award attorney's fees to the prevailing party absent authorization of statute or contract, * * * [however,] courts of equity have the inherent power to award attorney's fees. This power frequently has been exercised in cases where the plaintiff brings suit in a representative capacity and succeeds in protecting the rights of others as much as his own."

272 Or at 65-66. More recently, in *Armatta v. Kitzhaber*, 327 Or 250, 287, 959 P2d 49 (1998), the court explained that, to obtain an award of fees under *Deras*, three conditions must

be satisfied: (1) the proceeding must be one in equity; (2) the requesting party must have prevailed; and (3) the requesting party "must have been seeking to vindicat[e] an important constitutional right applying to all citizens without any gain peculiar to himself." (Quoting *Dennehy v. City of Gresham*, 314 Or 600, 602, 841 P2d 633 (1992).)

In this case, plaintiffs contend that they qualify for an award of fees, because this is an action for declaratory and injunctive relief, in which they prevailed on their claim that denial of health insurance benefits on the basis of sexual orientation violates the state constitution. Defendants contend that plaintiffs are not entitled to an award of fees under *Deras*, because plaintiffs "stand to gain a monetary benefit that extends only to a relatively small class of persons."

■ As the Supreme Court explained in *Armatta*, the third condition for obtaining an award of fees under *Deras* does not mean that the requesting party cannot obtain a pecuniary benefit, but rather that the party cannot obtain a pecuniary benefit *peculiar to himself or herself. Armatta*, 327 Or at 287-88. What is required is that the party seek a "public benefit." *Id.* As an example of such a "public benefit," the court cited *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 384 P2d 136 (1963), a case in which the court awarded attorney fees to union members who sought to correct abuses of process in their union. The court held that, although, strictly speaking, the case concerned the inner workings of a single union, "[t]he preservation of the democratic process in the functioning of unions is a matter of primary concern, not only to union members, but to the public as well." *Id.* at 138.

■ In this case, plaintiffs complained about an unconstitutional violation of their civil rights as citizens of this state. The pecuniary benefits they obtained are not peculiar to themselves. The fact that, as defendants suggest, our decision on the merits of their claims will directly benefit "only a relatively small class of persons" is not controlling. How small or large the directly benefitted class may be is not the point, as *Gilbert* and *Armatta* make clear. What controls is the extent to which the constitutional issue resolved is a matter of primary concern to the public at large. Vindicating the

civil rights of a group of citizens who have been subject to disparate treatment in employment on the basis of a suspect classification in violation of the Oregon Constitution is a matter of primary concern to all Oregonians. We have no doubt, for example, that redressing the rights of employees who had been denied benefits on the basis of their race or religion would be a "matter of primary concern * * * to the public." *Gilbert*, 237 Or at 138. The right to be free of such discrimination is "an important constitutional right applying to all citizens." *Armatta*, 327 Or at 287. We find no principled basis on which we may treat this case differently. We therefore conclude that plaintiffs have satisfied the three conditions for an award of attorney fees under *Deras*.

■    We turn, then, to the amount of the award. As we have noted, defendants do not object to the reasonableness of the number of hours counsel billed in working on the appeal. The only issue is determination of a reasonable rate for the work. Plaintiffs argue that we should double counsel's usual hourly rate of $162.50. Defendants argue that we should award no more than the usual rate. Defendants do not suggest that we lack the authority to award more than the usual rate under *Deras*; we understand their objection to be that a higher rate simply is not reasonable under the circumstances.

In *Griffin v. Tri-Met*, 112 Or App 575, 585, 831 P2d 42 (1992), *aff'd in part and rev'd in part on other grounds* 318 Or 500, 870 P2d 808 (1994), we held that, in contingent fee cases—particularly those involving "complex, controversial and high risk employment" issues—parties' attorneys may be compensated at a higher rate than what would be charged in a noncontingent fee setting. This case was complex, involving numerous issues of first impression under the Oregon employment statutes and the state constitution. That it was controversial is not reasonably in dispute. Plaintiffs spoke to more than two dozen lawyers before finding one who would take the case. That it was a high-risk case in terms of likelihood of success also cannot be doubted; no appellate opinions in this state previously had addressed the issues, and a number of appellate courts in other jurisdictions had rejected the arguments that plaintiffs made to us. We also note that uncontroverted affidavits from several experienced Oregon

attorneys suggest that, in a case of this sort, and for counsel with experience in the field, a fee of $162.50 per hour is low.

After consideration of the foregoing factors, we conclude that $200 per hour reasonably reflects the complexity, controversy, and novelty of the issues as well as the experience of counsel. Using that rate for the 386.7 hours that were billed in connection with the case, we conclude that plaintiffs are entitled to an award of $77,340.

Petition for attorney fees allowed in the amount of $77,340.