Carol BOBO,
Perry Atkinson, Gary George,
Robert Fulton Ekstrom, Solomon Yue, Jr.,
June Hartley, and Jeffrey Grossman,
*Appellants,*

*v.*

John KITZHABER,
Mike Greenfield,
and the State of Oregon,
*Respondents.*

01C-15710; A120098

95 P3d 731

Gregory W. Byrne for appellants.

Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General for respondents.

Before Haselton, Presiding Judge, and Landau and Wollheim, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiffs, who prevailed on appeal in this action for declaratory relief seeking to restore over $113 million to the 2001 "kicker" tax refund, seek attorney fees of $46,000, invoking *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975); *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998); and *Swett v. Bradbury*, 335 Or 378, 67 P3d 391 (2003). For the following reasons, we deny the petition.

Both before the trial court and on appeal, plaintiffs raised both statutory and constitutional arguments. In this court, plaintiffs prevailed on one of their statutory arguments, and the court did not reach their constitutional arguments. *See Bobo v. Kitzhaber*, 193 Or App 214, 221, 89 P3d 1189, *rev allowed*, 337 Or 282 (2004).

While invoking *Deras* and its progeny, plaintiffs recognize that the cases in which attorney fees have been awarded under *Deras* have involved constitutional, rather than statutory, victories. Nevertheless, plaintiffs cite *Armatta*, 327 Or at 287, for the proposition that the prevailing party need only to have filed an action *"seeking* to vindicate an important constitutional right[.]" (Emphasis added.) They posit that, because they *sought* to vindicate an important constitutional right, it does not matter that they actually won on a statutory, rather than a constitutional, ground.

We do not read *Armatta* so broadly. Although *Armatta* and other cases refer to "seeking to vindicate" important constitutional rights, they award fees on the ground that the party *actually vindicated* important constitutional rights. *See, e.g., Swett* (awarding fees where the petitioners had prevailed in obtaining declaration that Ballot Measure 62 (1998) violated separate-vote requirement of the Oregon Constitution); *Armatta*, 327 Or at 289 (noting that the plaintiffs "ultimately prevailed on their claim that Measure 40 was not passed in compliance with the separate-vote requirement of Article XVII, section 1"). The Oregon Supreme Court has not extended the *Deras* rationale to statutory claims; nor has this court.

Plaintiffs also argue that, even if attorney fees under *Deras* are available only when a party prevails on a constitutional claim, a finding that the constitution has been violated was "implicit" in this court's decision in the present case. That is inaccurate. *See Bobo*, 193 Or App at 221 ("we do not reach and resolve plaintiffs' * * * constitutional arguments, because we agree with their first statutory argument").

Petition for attorney fees denied.