On appellant's petition for attorney fees filed May 20, respondents' response to appellant's petition filed June 3, and appellant's reply filed June 13, opinion filed May 1 (297 Or App 355, 443 P3d 642); petition for attorney fees and costs allowed in the amount of $15,335.55 for attorney fees on appeal and $818 in costs, remanded for a determination of attorney fees and costs before the circuit court November 14, 2019

James B. DE YOUNG,
a resident of Damascus,
*Plaintiff-Appellant,*

*v.*

Kate BROWN,
in her official capacity as Governor of Oregon;
State of Oregon; and Clackamas County,
a political subdivision of the State of Oregon,
*Defendants-Respondents,*

*and*

DAMASCUS,
a municipal corporation,
*Defendant.*

Clackamas County Circuit Court
16CV12583; A162584

451 P3d 651

After successfully appealing a judgment of the circuit court declaring the validity of the election results disincorporating the City of Damascus, plaintiff seeks attorney fees in the amount of $41,086.05, relying on the Court of Appeals' inherent equitable authority as described in *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 384 P2d 136 (1963), *cert den*, 376 US 963 (1964). Defendants object, asserting that, because plaintiff's appeal was decided on statutory grounds—instead of on constitutional grounds—any award of attorney fees is foreclosed by *Bobo v. Kitzhaber*, 194 Or App 419, 95 P3d 731 (2004). *Held*: Courts have the inherent equitable power to award attorney fees when a plaintiff prevails on statutory grounds. Under the "substantial benefit" theory of equitable attorney fees, when a plaintiff acts in a representative capacity and confers a substantial benefit on others, attorney fees may be awarded. In this case, plaintiff acted in a representative capacity on behalf of the City of Damascus and its residents to ensure that a special election to disincorporate the city complied with statutes governing municipal disincorporation. The benefit conferred—both in regard to the direct litigation and potentially in regard to how the legislature makes referrals to voters—is substantial enough to warrant an award of attorney fees.

Petition for attorney fees and costs allowed in the amount of $15,335.55 for attorney fees on appeal and $818 in costs; remanded for determination of attorney fees and costs before the circuit court.

Katherine E. Weber, Judge.

Tyler Smith for petition.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, Jona J. Maukonen, Assistant Attorney General, and Stephen Madkour for respondents.

Before DeVore, Presiding Judge, and Egan, Chief Judge, and Powers, Judge.

POWERS, J.

Petition for attorney fees and costs allowed in the amount of $15,335.55 for attorney fees on appeal and $818 in costs; remanded for a determination of attorney fees and costs before the circuit court.

**POWERS, J.**

Plaintiff, a former resident and city councilor of the City of Damascus, brought statutory and constitutional challenges to a judgment that declared that the city validly disincorporated pursuant to Ballot Measure 93, which the voting residents of Damascus approved in a special election. We agreed with plaintiff's statutory arguments and reversed the trial court's judgment. *See De Young v. Brown*, 297 Or App 355, 443 P3d 642 (2019) (concluding that the passage of Ballot Measure 93 did not comply with ORS 221.610 and ORS 221.621, which provide the only means for a city to disincorporate, and that the legislature did not effectively exempt Ballot Measure 93 from the requirements of those statutes or otherwise provide an alternative means of disincorporation). Plaintiff now seeks an award of attorney fees in the amount of $41,086.05, relying on this court's inherent equitable authority as described in *Gilbert v. Hoisting & Port. Engrs.*, 237 Or 130, 384 P2d 136 (1963), *cert den*, 376 US 963 (1964), *Deras v. Myers*, 272 Or 47, 535 P2d 541 (1975), and *Armatta v. Kitzhaber*, 327 Or 250, 959 P2d 49 (1998). Defendants object to an award of attorney fees, asserting that, because plaintiff's appeal was decided on statutory grounds—instead of on constitutional grounds—any award of attorney fees is foreclosed by *Bobo v. Kitzhaber*, 194 Or App 419, 95 P3d 731 (2004), *rev den*, 338 Or 374 (2005). Thus, as framed by the parties, the issue is whether a plaintiff must prevail on a constitutional issue in order for us to exercise our inherent equitable power to award attorney fees. For the reasons that follow, we conclude that courts have the inherent equitable power to award attorney fees when a plaintiff prevails on statutory grounds. Applying that holding in this case, we allow plaintiff's petition for attorney fees in the amount of $15,335.55 and costs in the amount of $818, and remand the case for a determination of attorney fees and costs before the circuit court.

Before turning to the specific arguments that the parties raise on appeal, we begin with a brief overview of a court's equitable authority to award attorney fees. Generally speaking, a court awards attorney fees only if such an award is authorized by statute or contract. *Swett v. Bradbury*, 335 Or 378, 381, 67 P3d 391 (2003) (so stating). Courts also have

the inherent equitable power to award attorney fees. *Id.*; *Gilbert*, 237 Or at 137; *Deras*, 272 Or at 65-66.

The inherent equitable power to award attorney fees was first recognized in Oregon in *Gilbert*. In that case, the plaintiffs, as representatives of all of the members of a local union, brought suit in equity for the appointment of a receiver, an accounting, and other relief. The trial court awarded the plaintiffs their attorney fees, and the defendants appealed, arguing that there is no authorization in the statutes for an award of attorney fees under the circumstances of the case. The Supreme Court affirmed the award of attorney fees, stating:

> "The authority of a court of equity to award attorneys' fees is not derived solely from the statutes. Equity may under some circumstances as a part of its inherent equitable powers award attorneys' fees. This power is frequently exercised where the plaintiff brings a representative suit on behalf of other members of an organization * * *."

*Gilbert*, 237 Or at 137. The court explained that no pecuniary benefit to the organization is necessary, and that the preservation of the democratic process in the functioning of unions is a matter of primary concern, not only to union members but to the public as well. *Id.* at 138. The court cautioned, however, that attorney fees would not be awarded in all equity cases; rather, recovery would be limited to cases "where there is a representative or derivative suit brought for the benefit of the entire organization or where there are other circumstances in which equitable relief would in effect be denied or severely inhibited unless the plaintiff who prevails in the suit is awarded attorneys' fees." *Id.* at 142.

Following *Gilbert*, the court awarded equitable attorney fees to the plaintiff in *Deras*, who successfully sought a declaratory judgment that statutes that limit amounts spent on political campaigns are unconstitutional. *Deras*, 272 Or at 49. The court stated that the protection of individual liberties guaranteed against governmental infringement is an even greater public interest than the public's interest in the preservation of the democratic functioning of unions that was present in *Gilbert*. *Id.* at 66. Therefore, the court concluded that the plaintiff in *Deras*, at least as much as the

plaintiff in *Gilbert*, should not be required to bear the cost of litigation that benefits all members of the public equally. *Id.*

In *Armatta*, a case involving a challenge to the constitutionality of Ballot Measure 40, a crime victims' rights initiative, the Supreme Court awarded attorney fees to the plaintiffs. In discussing the principles of the equitable attorney fee doctrine, the court noted three prerequisites for an award: (1) the proceeding must be one in equity; (2) the party requesting attorney fees must be the prevailing party; and (3) "in filing the action, the party requesting attorney fees must have been seeking to 'vindicat[e] an important *constitutional* right applying to all citizens without any gain peculiar to himself,' *Dennehy v. City of Gresham*, 314 Or [600,] 602[, 841 P2d 633 (1992)], as opposed to vindicating 'individualized and different interests,' *Vannatta* [*v. Keisling*], 324 Or [514,] 549[, 931 P2d 770 (1997)], or 'any pecuniary or other special interest of his own aside from that shared with the public at large[,]' *Dennehy v. Dept. of Rev.*, 308 Or [423,] 427[, 781 P2d 346 (1989)]." *Armatta*, 327 Or at 287 (emphasis added).

In this case, plaintiff asserts that attorney fees should be awarded under this court's inherent equitable authority, because he brought the suit in a representative capacity and succeeded in protecting the rights of others as much as his own. *See Deras*, 272 Or at 66 (court's inherent equitable authority to award attorney fees frequently exercised "where the plaintiff brings suit in a representative capacity and succeeds in protecting the rights of others as much as his [or her] own"). Plaintiff explains that he meets the requirements for an equitable attorney fee award set out in *Armatta*: (1) Plaintiff brought the case in equity and sought only declaratory relief and a permanent injunction; (2) he was the prevailing party; and (3) he sought to vindicate important constitutional rights, along with his statutory arguments, and was not seeking pecuniary gain for himself. *See Armatta*, 327 Or at 287.

In objecting to plaintiff's petition, defendants do not dispute that plaintiff prevailed on appeal, nor do they contest the reasonableness of hours expended on appeal. Instead, defendants' sole objection to an award of attorney

fees is focused on the court's authority to award fees under the circumstances of this case. That is, defendants assert that, under *Bobo*, plaintiff's judgment must have vindicated an important constitutional right, and not be based merely on statutory arguments. In *Bobo*, the plaintiffs prevailed on appeal in an action seeking declaratory relief to restore money to the 2001 "kicker" tax refund. 194 Or App at 421. This court denied attorney fees, explaining that the court decided the case on statutory grounds without considering the constitutional arguments and that *Deras* and *Armatta* do not provide for attorney fees when a plaintiff prevails on statutory grounds. *Id.* According to defendants, although plaintiff in this case argued that Ballot Measure 93 violated the Oregon Constitution, this court resolved the case on statutory grounds and did not reach the constitutional argument. *See De Young*, 297 Or App at 358. Thus, because plaintiff's appeal was decided on statutory grounds, defendants assert that any equitable attorney fee award is foreclosed by *Bobo*.[1]

Our review of cases involving the equitable power to award attorney fees leads us to reject defendants' argument. As this court explained in *Bova v. City of Medford*, 264 Or App 763, 767, 333 P3d 1144, *rev den*, 356 Or 574 (2014), a court's inherent, equitable power to award attorney fees may be exercised in three types of cases: (1) when a party

---

[1] Defendants also summarily assert that plaintiff's reliance on *Gilbert* is misplaced because (1) *Gilbert* predates *Deras* by more than 10 years and *Bobo* by 50 and (2) *Gilbert* is limited to the union representative context. We disagree. First, it is difficult to glean why the time that has elapsed between the various cases affects the analysis, and defendants do not develop their argument to explain the significance, if any. Similarly, defendants' summary conclusion that *Gilbert* is limited to the union context is not supported by any argument or analysis. *See Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 701 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003) ("[I]t is not this court's function to speculate as to what a party's argument might be. Nor is it our proper function to make or develop a party's argument when that party has not endeavored to do so itself."). In any event, as discussed below, *Gilbert* represents one of three types of cases in which a court may use its inherent equitable power to award attorney fees. *Gilbert* has not been superseded by *Deras* or *Bobo*. In fact, *Deras* and later opinions relied upon *Gilbert*. *See, e.g.*, *Armatta*, 327 Or at 289; *Crandon Capital Partners v. Shelk*, 342 Or 555, 157 P3d 176 (2007); *Tanner v. OHSU*, 161 Or App 129, 133-34, 980 P2d 186, *rev den*, 329 Or 528 (1999); *Bova v. City of Medford*, 264 Or App 763, 333 P3d 1144, *rev den*, 356 Or 574 (2014). Further, none of the opinions following *Gilbert* have limited *Gilbert* to the union representative context.

has vindicated an important constitutional right applying to all citizens without any personal gain (the "constitutional" theory), *Pendleton School Dist. v. State of Oregon*, 347 Or 28, 33-34, 217 P3d 175, *adh'd to as modified on recons*, 347 Or 344, 220 P3d 744 (2009); (2) when a party creates, discovers, increases, or preserves a common fund of money to which others also have a claim (the "common fund" theory), *Strunk v. PERB*, 341 Or 175, 181, 139 P3d 956 (2006); and (3) when a party's action confers a substantial benefit, even if neither constitutional nor financial, on others (the "substantial benefit" theory).

The Supreme Court has described the principles that underlie a court's inherent authority to award attorney fees when a party initiates litigation that benefits similarly situated parties. The court explained that the equitable doctrine of attorney fees

> "allows a court to award attorney fees to a party whose legal action has conferred a benefit on others, when it would be inequitable for that party to bear all the costs of the litigation. *See Gilbert*, 237 Or at 137 ('Equity may under some circumstances *** award attorneys' fees *** where the plaintiff brings a representative suit on behalf of other members of an organization, as for example where a stockholder brings a derivative suit against a corporation.'). In those circumstances, the court may spread the cost of litigation to avoid unjust enrichment to persons who have benefitted from the litigation without shouldering any of the costs, as well as to compensate the party's attorneys for the services that they have rendered."

*Crandon Capital Partners v. Shelk*, 342 Or 555, 565, 157 P3d 176 (2007).

The court explained that when a party has conferred a substantial benefit on others through litigation, the court may use its equitable powers to award attorney fees. *Id.* at 562-63 (citing *Krause v. Mason,* 272 Or 351, 358, 537 P2d 105 (1975) (citing *Gilbert*, 237 Or 130).[2] "[W]hen a shareholder

---

[2] Though *Crandon* and *Krause* involved shareholder derivative suits, the court in *Crandon* clarified that the substantial benefit theory is not limited to proceedings involving corporations, as the doctrine began with *Gilbert*. *Crandon*, 342 Or at 562 n 4.

undertakes derivative litigation at its own expense and the corporation realizes 'substantial benefits' as a result of the litigation, it is equitable to spread the costs of the litigation among those who have benefitted." *Crandon*, 342 Or at 563 (citation omitted). The substantial benefit theory originated in the idea that fees may be awarded when the benefit that was conferred by the litigation was nonpecuniary and thus provided no fund from which to award fees. *See Gilbert*, 237 Or at 138 (rejecting the defendants' suggestion that no fees should be awarded because the plaintiffs' litigation had produced no pecuniary benefit). In a substantial benefit case, fees are awarded not, as in a "prevailing party" case, to make the plaintiff whole by shifting all costs to the wrongdoer, but instead in recognition of the costs incurred and the benefits conferred among all those on whose behalf the case was brought. *Crandon*, 342 Or at 566; *see also id.* at 564 (distinguishing substantial benefit attorney fee claims from fee claims under *Deras* or under statutory provisions requiring that the plaintiff be a "prevailing party").

Our statement in *Bobo*, on which defendants rely, that the *Deras* rationale for awarding attorney fees has not been extended to statutory claims, stemmed from the plaintiffs' characterization of *Deras* and later cases. *See Bobo*, 194 Or App at 421 ("While invoking *Deras* and its progeny, [the] plaintiffs recognize that the cases in which attorney fees have been awarded under *Deras* have involved constitutional, rather than statutory, victories."). Prior decisions in this area may not have been clear when describing or referencing the different types of equitable attorney fee cases, particularly in describing the substantial benefit theory, which has led to understandable confusion.[3] For example,

---

[3] The confusion regarding whether equitable attorney fees may be awarded only in cases of constitutional significance began shortly after the Supreme Court's decision in *Deras*. In *Marbet v. Portland Gen. Elect.*, 25 Or App 469, 488, 550 P2d 465 (1976), *rev'd*, 277 Or 447, 561 P2d 154 (1977), the petitioners sought judicial review of an agency order recommending approval of the siting of a nuclear power plant. This court denied the petitioners' request for attorney fees, citing the lack of a constitutional issue and the fact that agencies that permit public intervention in licensing or in environmental decision-making could have numerous intervenors, each representing different facets of the public interest.

Later, we cast doubt on the suggestion in *Marbet* that equitable attorney fees may be awarded only in constitutional cases in *Koon v. City of Gresham*, 123 Or App 513, 517, 860 P2d 848 (1993), *rev den*, 318 Or 326 (1994). We noted that

*Armatta*, which sets forth the prerequisites for an equitable attorney fee award, quotes the phrase "important constitutional right" from *Dennehy v. City of Gresham*, 314 Or at 602. *Armatta*, 327 Or at 287. In *Dennehy*, the petitioners sought a determination of whether Measure 5 applied to a storm drain user charge imposed by the city. The Tax Court held that the charge was subject to Measure 5, but denied the petitioners' request for attorney fees under *Deras*. The Supreme Court affirmed, noting that "the propriety of an award of attorney fees under *Deras* depends on the particular facts involved." *Dennehy*, 314 Or at 604. In *Dennehy*, the facts did not justify an award of attorney fees, because the petitioners did not succeed in having a tax declared unconstitutional; rather, they succeeded in having the storm drain user charge declared a tax under Measure 5. The court found those facts to be "a far cry from the facts of *Deras*, where the plaintiff vindicated an important constitutional right applying to all citizens without any gain peculiar to the plaintiff." *Id.* Thus, the court did not deny attorney fees because the petitioners did not vindicate an important constitutional right; rather, the court denied the request for attorney fees because the significance of the petitioner's success did not justify an equitable award of attorney fees.

Although *Armatta* quotes *Dennehy*'s use of the phrase "important constitutional right," neither opinion relied upon the fact that the issue to be vindicated was constitutional. In fact, in *Armatta*, the emphasis is on the requirement that the plaintiff's action must benefit the public as opposed to an individual. *See Armatta*, 327 Or at 287-88 (focusing on vindication of important rights applying to all citizens as opposed to "vindicating individualized and different interests" or any pecuniary or special interest of the plaintiff's own "aside from that shared with the public at large" (internal quotation marks and citations omitted)). Moreover, in

---

the predicates for an award of attorney fees under the rationale of *Deras* are (1) whether the subject of the action is one of general importance and (2) whether the plaintiff sought to vindicate the rights of a large class of persons. *Id.* Questioning *Marbet*, we stated, "Without deciding whether we were correct in *Marbet* in limiting *Deras* only to questions of constitutional magnitude, it is clear that the logic of the attorney fee analysis in *Deras* and later cases applies only when the issue is one of *some* magnitude and when the plaintiff obtains some cognizable public benefit." *Id.* (emphasis in original).

*Armatta*, when concluding that the plaintiffs sought to benefit all Oregonians by their challenge to the ballot measure and that they should be awarded their attorney fees, the court cited *Gilbert*, which did not involve a constitutional challenge. *Armatta*, 327 Or at 289; *see also Tanner v. OHSU*, 161 Or App 129, 133-34, 980 P2d 186, *rev den*, 329 Or 528 (1999) (citing *Armatta*'s quote from *Dennehy*, but also citing *Armatta*'s use of *Gilbert* as an example of a public benefit). And in *Dennehy*, the use of the phrase "important constitutional right" referred to the distinction between the facts of *Dennehy* and the facts of *Deras*, but the *Dennehy* opinion does not suggest that an equitable award of attorney fees requires a constitutional challenge. *See Dennehy*, 314 Or at 604.

To summarize, the vindication of a constitutional right has never been required by the Supreme Court in awarding attorney fees under a court's equitable powers.[4] In *Dennehy*, the court used the phrase "vindication of an important constitutional right" to distinguish the facts of other cases that did not justify an equitable award of attorney fees, but the court did not require that a case be decided on a constitutional issue for an equitable attorney fee award. Thus, just as vindication of an important constitutional right may justify an equitable attorney fee award, an award may be justified under either a "common fund" theory or "substantial benefit" theory as well. The "substantial benefit" theory, originally adopted in *Gilbert* and described in more detail in *Crandon* and *Bobo*, is a form of the equitable attorney fee doctrine that does not require the vindication of a constitutional right.

In this case, plaintiff requests fees under the substantial benefit theory. That theory allows equitable attorney fees "where there is a representative or derivative suit brought for the benefit of the entire organization or where there are other circumstances in which equitable relief would in effect be denied or severely inhibited unless the plaintiff who prevails in the suit is awarded attorneys' fees." *Gilbert*,

---

[4] Nor has this court required vindication of a constitutional right before awarding equitable attorney fees. *See Williams v. City of Astoria*, 43 Or App 745, 753, 604 P2d 411 (1979), *rev den*, 288 Or 667 (1980) (awarding attorney fees in a declaratory action brought by city employees arguing that a city charter section and city ordinance relating to political activities were preempted by statute).

237 Or at 142. The action must confer a "substantial benefit" on others. *Bova*, 264 Or App at 767. By successfully appealing a judgment declaring that the City of Damascus validly disincorporated pursuant to Ballot Measure 93, plaintiff conferred a substantial benefit on others. Plaintiff acted in a representative capacity on behalf of the City of Damascus and its residents to ensure that a special election to determine whether to disincorporate the City of Damascus complied with ORS 221.610 and ORS 221.621, the statutes that govern municipal disincorporation. We conclude that the benefit conferred in this case—both in regard to the direct litigation and potentially in regard to how the legislature makes referrals to voters—is substantial enough to warrant an award of attorney fees.[5]

Plaintiff has requested $41,086.05 in attorney fees. Defendants argue that if attorney fees are awarded, plaintiff is entitled only to fees associated with the appeal, not the trial court work. *See* ORCP 68 C(4)(a) (requiring petition for costs and fees to be filed in the trial court within 14 days of judgment); ORAP 13.10(2) (requiring petition for fees to be filed within 21 days of the appellate court's decision). Defendants do not object, however, to the reasonableness of the counsel's rate or the number of hours billed on appeal. We hold that plaintiff, as the prevailing party on appeal, is entitled to reasonable attorney fees through the entire proceeding. *See Williams v. City of Astoria*, 43 Or App 745, 753, 604 P2d 411 (1979), *rev den*, 288 Or 667 (1980) (so stating). Accordingly, we award plaintiff $15,335.55 in attorney fees on appeal and remand the case for a determination of reasonable attorney fees at the trial level.

As the prevailing party on appeal, plaintiff is also entitled to an award of costs and disbursements. ORS 20.310(1).

---

[5] We also note that following our decision in *De Young*, the legislature passed Senate Bill (SB) 226 (2019) "to cure any defect in the procedures, and to ratify the results" of any disincorporation vote held on the date of a primary election before the effective date of SB 226, at which a majority of the voters participating voted in favor of disincorporation. Or Laws 2019, ch 545, § 4(1). The legislature also gave the Supreme Court original jurisdiction to determine the validity of the substantive provisions of the law. *Id*. § 4(2). A petition for review was filed, and that case is now pending before the Supreme Court. *City of Damascus v. State of Oregon*, S066939.

> "Costs and disbursements on appeal to the Court of Appeals or Supreme Court or on petition for review by the Supreme Court are the filing or appearance fee, the reasonable cost for any bond or irrevocable letter of credit, the prevailing party fee provided for under ORS 20.190, the printing, including the excerpt of record, required by rule of the court, postage for the filing or service of items that are required to be filed or served by law or court rule, and the transcript of testimony or other proceedings, when necessarily forming part of the record on appeal."

ORS 20.310(2). We may award only those costs that we have authority to award, and we understand our authority to extend only so far as those costs specified in ORS 20.310(2). *Cf.* ORAP 13.05(6)(e) (even in the absence of objections, a court may award requested costs only if it has "authority" to do so). Consequently, we award plaintiff his filing fee and transcript costs, totaling $718. We also award plaintiff the prevailing party fee of $100 under ORS 20.190 (1)(a). The remainder of plaintiff's claimed costs, including the $500 undertaking for costs that he filed in the trial court as required by ORS 19.300(1) and his trial court filing fees, are not authorized by ORS 20.310, and we therefore decline to award them.

Petition for attorney fees and costs allowed in the amount of $15,335.55 for attorney fees on appeal and $818 in costs; remanded for a determination of attorney fees and costs before the circuit court.