**NOT FOR PUBLICATION**

MAR 15 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| RONALD DOYLE; et al., | No. 11-35935 |
| Plaintiffs - Appellants, | DC No. 1:06 cv-3058 PA |
| and | |
| ROBERT DEUEL, | MEMORANDUM* |
| Plaintiff, | |
| v. | |
| CITY OF MEDFORD, an Oregon muncipal corporation and MICHAEL DYAL, City Manager, City of Medford, in his invididual and official capacities, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Owen M. Panner, Senior District Judge, Presiding

Argued and Submitted March 8, 2013
Portland, Oregon

Before:    TASHIMA, CLIFTON, and BEA, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Ronald Doyle, Benedict Miller, and Charles Steinberg, retired employees of the City of Medford (the "City"), appeal the district court's denial of their motion for summary judgment on their claim that the City's decision to exclude retirees from its group health insurance plan violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621-634 ("ADEA"), and the court's grant of summary judgment to the City. Appellants previously brought a claim of age discrimination under Oregon law. The state court found that the City's policy of excluding retirees was not facially discriminatory (that is, it rejected appellants' disparate treatment theory), but held, on a theory of disparate impact, that the City's policy violated state law. The federal district court gave preclusive effect to the state court's disparate treatment ruling, but declined to do so for the disparate impact theory. *See Doyle v. City of Medford*, 2011 WL 4894077, at *2-*3 (D. Or. 2011). It held that appellants failed to show prima facie disparate impact and, alternatively, that the City established a statutory affirmative defense because its decision to exclude retirees was reasonably based on financial factors. *Id.* at *3-*4. It further held that the claims of appellant Steinberg, who filed his first EEOC charge more than three years after retiring, were time-barred. *Id.* at *5.

We review de novo grants of summary judgment, questions regarding the preclusive effects of prior judgments, and determinations of whether claims are time-barred. *See Johnson v. Henderson*, 314 F.3d 409, 413 (9th Cir. 2002); *Frank v. United Airlines, Inc.*, 216 F.3d 845, 849-50 (9th Cir. 2000). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.      Appellants' disparate treatment claim turns on an issue that was necessarily decided against them in a prior state court decision and, under Oregon preclusion law, they are barred from relitigating the issue. *See Engquist v. Or. Dep't of Agric.*, 478 F.3d 985, 1007 (9th Cir. 2007), *aff'd*, 553 U.S. 591 (2008). A state court has already decided that the City's policy does not treat retirees differently based upon the protected characteristic of age, and the district court correctly gave preclusive effect to that prior decision. *See id.*; 28 U.S.C. § 1738.

2.      Appellants' disparate impact claim fails because the City's decision to exclude retirees falls within the statutory affirmative defense for "otherwise prohibited" actions that are "based on reasonable factors other than age" – also known as the RFOA defense. 29 U.S.C. § 623(f)(1); *see* 29 C.F.R. § 1625.7(e)(1).

This defense assumes that a non-age factor is at work.[1] *See Meacham v. Knolls Atomic Power Lab.*, 554 U.S. 84, 96 (2008); *Smith v. City of Jackson, Miss.*, 544 U.S. 228, 239 (2005). Accordingly, we ask whether the City's policy was "reasonable," not whether it was based on a factor "other than age." The City met its burden of proof by presenting evidence that its decision saved the City and its employees significant sums of money.

**3.** The district court held that Steinberg's claims were time-barred because they accrued upon "the City's final refusal to provide continued health insurance, which was 60 days after the date of retirement," and Steinberg failed to file a charge within 300 days of accrual, as required by 29 U.S.C. § 626(d). *Doyle*, 2011 WL 4894077, at *5. We agree. An ADEA claim accrues "upon awareness of the actual injury, i.e., the adverse employment action, and not when the plaintiff suspects a legal wrong." *Lukovsky v. City & Cnty. of S.F.*, 535 F.3d 1044, 1049 (9th Cir. 2008). Even if the City had not engaged in the challenged policy, its previous policy gave retirees only 60 days from the date of retirement to elect ongoing coverage. It is undisputed that, when Steinberg retired, the City gave him

---

[1] Thus, the RFOA defense is unavailable where an employment practice is challenged as being age-based – that is, in disparate treatment cases. 29 C.F.R. § 1625.7(d).

4

only one health insurance option: COBRA.[2]  By the end of the sixty-day window, when Steinberg had still not been permitted to elect ongoing coverage, he indisputably had knowledge of the facts giving rise to his claim.  Although Steinberg seeks to circumvent the time-bar by arguing that he lacked knowledge of the pertinent Oregon law until a date that comes within the limitations period, his ignorance of the law has no bearing on the date of his injury.  *See Lukovsky*, 535 F.3d at 1049.

We do not reach the merits of Steinberg's equitable tolling argument because, were his claims not time-barred, they would fail for the same reasons as those of appellants Doyle and Miller.  Finally, we are not persuaded that Steinberg's right to retiree health benefits under Oregon law creates a present violation under *National Railroad Passenger Corp. v. Morgan*, 536 U.S. 101, 112 (2002).  Whereas *Morgan* involved discrete acts of alleged discrimination under *federal* law, Steinberg seeks to make timely his federal claim by virtue of what he

---

[2]     "COBRA" refers to the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. § 1161 *et seq.*, which "requires group health care plan sponsors to provide continuation coverage for employees who are terminated from their employment under certain specified circumstances, including layoffs."  *Alday v. Raytheon Co.*, 693 F.3d 772, 780 n.5 (9th Cir. 2012) (quoting *Local 217, Hotel & Rest. Emp. Union v. MHM, Inc.*, 976 F.2d 805, 806-07 (2d Cir. 1992)).

contends is a present *state* law violation; he cites no authority for that novel proposition.

      **AFFIRMED.**