Argued and submitted March 6, 2013; in A144254, limited judgment reversed and remanded; in A146597, appeal dismissed; in A147477, contempt judgment affirmed; general judgment on claim for age discrimination under ORS 659A.030 reversed; otherwise affirmed April 2; Bova's petition for review (S062350) allowed, vacated, and remanded to Court of Appeals November 13, City of Medford's and Dyal's petition for review (S062347) denied, Bova's petition for review (S062559) denied November 20, 2014 (356 Or 516)

Joseph BOVA,
*Plaintiff-Respondent,*

*v.*

CITY OF MEDFORD,
an incorporated Subdivision of the State of Oregon;
and Michael Dyal, City Manager of the City of Medford,
as an individual, and in his official capacity,
*Defendants-Appellants.*

Jackson County Circuit Court 081663E7;
A144254 (Control), A146597, A147477

324 P3d 492

Robert E. Franz, Jr., argued the cause for appellants. With him on the briefs was Law Office of Robert E. Franz, Jr.

Stephen L. Brischetto argued the cause and filed the brief for respondent.

Before Ortega, Presiding Judge, and Sercombe, Judge, and Hadlock, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

This consolidated appeal involves a series of judgments entered in favor of plaintiff, a now-retired employee of the City of Medford, in his class action suit for declaratory and injunctive relief against the city and its city manager.[1] The factual premise of plaintiff's suit is simple and undisputed: The city made health care insurance coverage available to plaintiff and other city employees who were members of the class, but it did not offer that same coverage to the class members when they retired. The trial court concluded that, in failing to offer that coverage, the city violated ORS 243.303(2), which requires that a "local government that contracts for or otherwise makes available health care insurance coverage for officers and employees of the local government shall, insofar as and to the extent possible, make that coverage available for any retired employee of the local government ***." The trial court ordered the city to provide plaintiff and the class members with health insurance coverage that included the option to purchase that same health insurance at the time they retired. The trial court later awarded plaintiff attorney fees on that claim and found the city in contempt of the court's orders to comply with ORS 243.303(2). Separately, following a trial to the court, the court concluded that, by not making the same health insurance coverage available to plaintiff upon his retirement, the city had discriminated against him on the basis of age under ORS 659A.030(1)(b).[2] The city now appeals the limited judgments, general judgment, and supplemental judgment encompassing those rulings.

As explained herein, we conclude that the trial court erred in granting summary judgment to plaintiff on his claim for declaratory and injunctive relief under ORS 243.303(2), because the legal standard that the trial court applied conflicts with the standard articulated by the Supreme Court in *Doyle v. City of Medford*, 347 Or 564, 227

---

[1] Unless otherwise noted, we refer to the city and the city manager collectively as "the city."

[2] ORS 659A.030(1)(b) provides that it is an unlawful employment practice "[f]or an employer, because of an individual's *** age if the individual is 18 years of age or older *** to discriminate against the individual in compensation or in terms, conditions or privileges of employment."

P3d 683 (2010), a decision that issued after the trial court's summary judgment ruling. We reverse and remand the limited judgment on the ORS 243.303(2) claim for declaratory and injunctive relief for further proceedings. As to plaintiff's age discrimination claim under ORS 659A.030(1)(b), we conclude that the trial court erred in allowing plaintiff to try that claim, over the city's objection, on a theory of disparate impact, because that theory had not been pleaded and depended on proof different from the disparate treatment theory that plaintiff had pleaded. We therefore reverse the trial court's judgment in favor of plaintiff on his age discrimination claim. Because the supplemental judgment for attorney fees is not appealable, we dismiss the city's appeal of that judgment. Otherwise, we affirm.

We begin with a review of related litigation that provides helpful background to this appeal. Plaintiff here, an employee of the city who was eligible for retirement but had not yet retired, first filed suit against the city for declaratory and injunctive relief in federal court. In a separate suit, four retired Medford employees ("the *Doyle* plaintiffs") filed suit against the city, seeking damages and injunctive relief. In those suits, the plaintiffs alleged that, by failing to make health insurance coverage available to them, the city had violated various state and federal laws: ORS 243.303(2); the city's ordinance implementing ORS 243.303(2), Resolution No. 5715; Oregon's age discrimination statute, ORS 659A.030; the Age Discrimination in Employment Act of 1967 (ADEA), 29 USC §§ 621-634; and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. The federal district court declined to take jurisdiction over the state law claims in both suits, but gave the plaintiffs leave to refile their suits in state court.

The federal claims in both suits continued in federal court. As to the *Doyle* plaintiffs' federal due process claim, the district court granted summary judgment to the city, and the plaintiffs appealed to the Ninth Circuit Court of Appeals. The Ninth Circuit determined that a resolution of the due process claim depended on an interpretation of ORS 243.303, a statute that had not previously been construed and that was ambiguous, and, accordingly, certified

the following question to the Oregon Supreme Court: "What amount of discretion does [ORS] 243.303 confer on local governments to determine whether or not to provide health insurance coverage to their employees after retirement?" *Doyle v. City of Medford*, 565 F3d 536, 541-42, 544 (9th Cir 2009) (*Doyle I*).

The Oregon Supreme Court accepted the certified question and answered it in *Doyle v. City of Medford*, 347 Or 564, 227 P3d 683 (2010) (*Doyle II*). The Supreme Court determined that the certified question focused on the meaning of the phrase "shall, insofar as and to the extent possible" in ORS 243.303(2):

> "The governing body of any local government that contracts for or otherwise makes available health care insurance coverage for officers and employees of the local government *shall, insofar as and to the extent possible*, make that coverage available for any retired employee of the local government who elects within 60 days after the effective date of retirement to participate in that coverage and, at the option of the retired employee, for the spouse of the retired employee and any unmarried children under 18 years of age. The health care insurance coverage shall be made available for a retired employee until the retired employee becomes eligible for federal Medicare coverage, for the spouse of a retired employee until the spouse becomes eligible for federal Medicare coverage and for a child until the child arrives at majority, and may, but need not, be made available thereafter. The governing body may prescribe reasonable terms and conditions of eligibility and coverage, not inconsistent with this section, for making the health care insurance coverage available. The local government may pay none of the cost of making that coverage available or may agree, by collective bargaining agreement or otherwise, to pay part or all of that cost."

ORS 243.303(2) (emphasis added). The *Doyle* plaintiffs argued that the statute imposed a mandatory duty on local governments to provide retiree health insurance coverage. 347 Or at 570. In their view, local governments could "escape that duty only in the case of actual impossibility," but, "if there are providers available who are willing to provide [health insurance] coverage that includes retirees, the city must provide that coverage, regardless of cost or other

circumstances." *Id.* (internal quotation marks omitted; brackets in original). The city viewed the statute as imposing "no duty at all," meaning that a local government had "total discretion" to make health insurance coverage available to retirees. *Id.* (internal quotation marks omitted).

The Supreme Court "reject[ed] both of those interpretations of ORS 243.303(2)." *Id.* The court reasoned that, by using the word "shall" in ORS 243.303(2), the legislature intended "to impose an obligation on local governments" to make the health insurance coverage that they provide to active employees available to retired employees. *Id.* at 573. The court further explained, however, that by including the phrase "insofar as and to the extent possible," the legislature intended to provide some "flexibility" to local governments so that performance of the obligation under the statute was not "unduly burdensome." *Id.* at 579. The court summarized its understanding of the statute:

> "[W]e interpret ORS 243.303(2) to create an obligation on local governments to make the health insurance coverage that they provide to active employees available to retired employees. It does not, as the city argues, leave the city with 'total discretion' to decline to make coverage available to retirees or to choose health insurance coverage for its current employees without regard to whether the insurer is willing to offer coverage to retirees. Neither, however, do we interpret the statute as imposing an absolute mandate, subject only to an exception for actual impossibility. Local governments exist to provide government services, and they have statutory and contractual obligations to employees, retirees, and the citizens within their jurisdictions. Whether a local government has complied with ORS 243.303(2) will depend on whether it has made health insurance coverage available to retirees 'insofar as and to the extent possible,' in light of all the facts. The responsibility to demonstrate that it was not possible, under the statutory standard, to make coverage available to retirees rests with the local government, and we emphasize that the local government cannot make that showing, as the city attempts to here, by pointing solely to the fact that its chosen provider does not offer retiree health insurance coverage. Although the statutory standard is a legal one, determining whether a local government has demonstrated that it should be excused from making health insurance

coverage available to retirees will depend on the facts of each case."

*Id.* After reviewing the Supreme Court's answer to the certified question, the Ninth Circuit ultimately rejected the *Doyle* plaintiffs' due process challenge. *Doyle v. City of Medford*, 606 F3d 667, 674-76 (9th Cir 2010) (*Doyle III*).[3]

While the plaintiff in this case and the *Doyle* plaintiffs pursued their federal claims in federal court, they litigated their state law claims in the Jackson County Circuit Court. In *Doyle v. City of Medford*, 256 Or App 625, 628-29, 303 P3d 346, *rev allowed*, 354 Or 386 (2013) (*Doyle V*), we summarized the facts underlying the state law claims in both suits:

"Until 1990, the city offered all retirees the option of continuing their city health care insurance coverage after retirement. In 1990, however, the city began to scale back the availability of health insurance coverage after retirement, other than with respect to the 18 months allowed under the Consolidated Omnibus Budget Reconciliation Act of 1985, 29 USC §§ 1161-1168 (COBRA). Beginning in 1990, the city entered into an agreement with the Oregon Teamster Employer Trust (OTET) for the provision of health insurance for its police officer employees and, under that coverage, retiring police officers could no longer elect to continue their health insurance coverage after retirement. Beginning in 2001, the city added its management employees to the OTET plan, and the city's management employees could no longer elect to continue their health insurance coverage after retirement. In 2002, the city placed the nonmanagement employees in its Parks and Recreation Department and in its Public Works Department under the same program, and they were no longer eligible to elect to continue their health insurance coverage.

---

[3] As to the *Doyle* plaintiffs' age discrimination claims under the ADEA, the district court granted summary judgment to the city, and the Ninth Circuit ultimately affirmed that decision in *Doyle v. City of Medford*, 512 Fed Appx 680, 2013 WL 1039107 (9th Cir 2013) (*Doyle IV*).

The federal district court dismissed plaintiff Bova's state law claims with leave to refile in state court, and the district court granted summary judgment to the city on plaintiff's federal claims. Plaintiff appealed, and the Ninth Circuit vacated the district court's judgment and remanded with instructions to dismiss the suit because plaintiff's alleged injury—the denial of health insurance coverage upon retirement—had not yet occurred and his federal claims were not ripe. *Bova v. City of Medford*, 564 F3d 1093 (9th Cir 2009).

"Approximately 135 city employees, those represented by AFSMCE, are still entitled to elect continued city health insurance coverage after retirement. All other retirees may choose to remain covered for 18 months after their retirement under COBRA. After that 18-month period, retired employees can seek health insurance coverage through private carriers or enroll in the Oregon Public Employees Retirement System Health Insurance Program, into which the city contributes so that its retired employees can obtain coverage."

Based on those facts, the *Doyle* plaintiffs brought claims for damages for the city's alleged violation of ORS 243.303(2) and ORS 659A.030(1)(b). The trial court rejected those claims as to two of the plaintiffs on statute of limitations grounds. As to the other two plaintiffs, the trial court concluded that the city had violated ORS 243.303(2) by not making the health insurance they received as employees available to them when they retired; the court ruled in their favor on cross-motions for summary judgment and a jury awarded damages. The age discrimination claim under ORS 659A.030(1)(b) was tried to the court. The trial court concluded that the city had not engaged in "discriminatory treatment," reasoning that "there is no evidence that age, rather than retirement status, was 'the reason' the City had a policy not to provide the same insurance to retirees * * *." However, on the day of trial, over the city's objection, the trial court ruled that it would allow evidence and consider the age discrimination claims on a theory of disparate impact (*i.e.*, a theory that the city engaged in an employment practice that was facially neutral but discriminatory in effect). The court ultimately ruled that two of the *Doyle* plaintiffs had established their claim on a theory of disparate impact.

In *Doyle V*, we concluded that the trial court erred in granting the *Doyle* plaintiffs' motion for summary judgment and denying the city's motion for summary judgment on the question of liability on the plaintiffs' claim that the city violated ORS 243.303(2), because that statute does not provide a private right of action for damages.[4] 256 Or App

---

[4] In this case, plaintiff seeks declaratory and injunctive relief on the application of ORS 243.303(2) under the Uniform Declaratory Judgments Act. ORS 28.010 - 28.160.

at 642. We further concluded that the trial court erred in allowing the plaintiffs' age discrimination claim under ORS 659A.030(1)(b) to proceed to trial on a theory of disparate impact, which was not pleaded. *Id.* at 647.

Like the *Doyle* plaintiffs, plaintiff alleged that the city's failure to make health care insurance benefits available upon his retirement violated ORS 243.303(2) and constituted age discrimination under ORS 659A.030(1)(b).[5] Plaintiff, who worked as a manager in the public works department, was among those employees who received health insurance through the OTET plan but was not eligible to continue that insurance when he retired. Plaintiff sought injunctive and declaratory relief on both claims, including "an injunction prohibiting [the city] from continuing [its] unlawful conduct, and/or requiring the City's health care insurance program to include the provision giving [plaintiff] the election to continue participation in that program, or its equivalent." After plaintiff filed suit, the court certified a class of current management employees and current union employees who were members of the Teamsters Local Union No. 223 and were not eligible for retiree coverage. Plaintiff later retired from city service on June 30, 2010, and, when he asked to continue his city group health insurance, he received no response from the city.

As with the *Doyle* plaintiffs, the trial court ruled in plaintiff's favor on his ORS 243.303(2) claim. In July 2009, the court granted plaintiff's motion for summary judgment and ordered that,

> "pursuant to the provision of ORS 243.303, if the city makes available health care insurance coverage for its current employees at the time [plaintiff] or another member of the class retires, the City is obligated to offer the same coverage as an option for the retiring member of the class, including [plaintiff], and the City is enjoined to take the actions necessary to comply with ORS 243.303 as declared herein."

---

[5] Plaintiff also claimed that the city violated Resolution No. 5715, the city ordinance implementing the requirements of ORS 243.303(2), and that the city breached contracts allegedly created between the city and plaintiff by the resolution and the statute. The trial court rejected those claims, and plaintiff does not challenge those rulings on appeal.

In December 2009, the court entered a limited judgment enjoining the city from continuing to violate ORS 243.303(2), requiring the city to "create a written plan for the City's compliance with ORS 243.303(2)" by January 2, 2010, and requiring the city to "implement any policies and procedures set forth in that plan" by March 15, 2010. In August 2010, the court entered a supplemental judgment awarding plaintiff attorney fees and costs on his ORS 243.303(2) claim.

That same month, plaintiff filed a motion requesting the trial court to find the city in contempt of the July 2009 order and the December 2009 limited judgment. Among other things, plaintiff alleged that the city had failed to provide those members of the class who had retired the option to continue with their same health insurance coverage, the city had failed to "take all actions necessary to comply with ORS 243.303," and the city's written plan for compliance was deficient in several respects. After conducting two evidentiary hearings, the court found the city in contempt. The court found "that there [were] members of the class * * * who have retired subsequent to the court's opinion order and the limited judgment, and that [those] retirees [had] not received a notice of their right to elect health benefit coverage, as retirees, pursuant to ORS 243.303" and that "the written plan submitted by the City did not comply with the court's prior order and judgment." The court ordered "that a fine of $100 a day be imposed against the defendant City of Medford [but not the city manager], commencing November 1, 2010," to "remain in effect until all employees of the City, and all members of the class who have already retired, are enrolled in a policy that complies in all respects with ORS 243.303." The court entered a limited judgment in December 2010 incorporating the contempt order.[6]

Plaintiff's age discrimination claim under ORS 659A.030(1)(b) was tried to the court in the same proceeding

---

[6] In the contempt order, the court also ordered the city to comply with a separate "Order on Defendants' Motion for Approval for Purchase of Insurance." In that order to purchase insurance, the trial court ordered the city to "[p]urchase CIS Plan V-B for all employees of the City of Medford and all retired members of the class forthwith[,]" along with other relief. The December 2010 limited judgment incorporates the rulings of the trial court's order to purchase insurance and the contempt order, but, in its appeal of that limited judgment, the city does not assign error to the order to purchase insurance.

as the *Doyle* plaintiffs' age discrimination claim; the trial court similarly ruled in plaintiff's favor on that claim on a disparate impact theory. After the trial court entered a general judgment in December 2010, the city appealed, asserting multiple assignments of error related to each of plaintiff's claims for relief.

We begin with the city's assignments of error related to plaintiff's ORS 243.303(2) claim. In its first assignment of error, the city asserts that the trial court erred in granting plaintiff's summary judgment motion on the ORS 243.303(2) claim. In its second assignment of error, the city argues that the trial court erred in denying its motion for summary judgment on that claim. In its third assignment of error, the city argues that the trial court erred in finding it in contempt of the trial court's orders on the ORS 243.303(2) claim. Finally, in its seventh assignment of error, the city argues that the trial court erred in awarding attorney fees and costs to plaintiff on his claim for declaratory and injunctive relief under ORS 243.303(2).

With respect to the trial court's order granting plaintiff's summary judgment motion on his ORS 243.303(2) claim, the city argues that the trial court erred as a matter of law (1) by "[l]imit[ing] the issue of possibility to whether there existed an insurance company that was willing to provide the same coverage to current and retired employees" and (2) by ruling "that the cost of providing such insurance was not a factor to consider in determining 'in so far and to the extent possible' as set forth in ORS 243.303." The city contends that the trial court's construction of ORS 243.303 is in direct conflict with the Supreme Court's decision in *Doyle II* and that plaintiff's motion for summary judgment should not have been granted. Plaintiff responds that "any error" in the trial court's construction of ORS 243.303 was "harmless." According to plaintiff, under *Doyle II*, the city bore the burden to establish a factual excuse for not complying with its statutory obligation, but, when plaintiff moved for summary judgment, the city "failed to offer evidence of any excuse and specifically failed to offer any evidence of any excuse based upon cost."

To better understand how the parties and the trial court understood ORS 243.303(2)—and how that

understanding corresponds to the Supreme Court's decision in *Doyle II*—we review the procedural history surrounding plaintiff's statutory claim. The city moved for summary judgment on plaintiff's ORS 243.303(2) claim,[7] arguing that providing the same insurance coverage to retirees was impossible as a matter of law and undisputed fact under ORS 243.303(2). In its order on the city's motion, the trial court noted that the city argued that such coverage was not possible for two reasons: (1) the city chose to contract with an organization (OTET) whose coverage does not include retirees and (2) the city chose to switch to OTET to save money. The court rejected both arguments. With respect to the first, the court reasoned that "there is nothing in the language of ORS 243.303 that allows a local government to avoid the requirements of the statute by consciously contracting with an insurance provider whose coverage does not include retirees." The court likewise concluded that the city's "arguments centering on cost * * * [did] not provide a basis for granting the motion for summary judgment":

> "Viewed either as an indirect argument that the City is entitled (without violating ORS 243.303 and for reasons of financial prudence) to contract with an entity that refused to cover retirees, or a direct argument that the 'to the extent possible' language in the statute should be read to mean (in words or substance) 'to the extent financially prudent,' the argument is not well taken. There are [at] least two reasons why the City may not rely on the cost of insurance coverage as indicating 'impossibility.' First, and most importantly, the Oregon legislature knows how to provide exceptions to actions otherwise mandated in order to take into account the costs of such actions. * * * Second, while [the city] make[s] repeated references to federal statutes and cases in which courts noted that under *federal* law, employers generally are not required to provide health care benefits, federal law is not a part of this lawsuit."

(Emphasis in original.) Ultimately, the court concluded that the city had not presented "undisputed evidence that no entity providing health care insurance was (and is) willing

---

[7] The city filed its motion for summary judgment "on all claims that can be determined on legal grounds without the need for further discovery" in response to a court order to identify those issues that were "purely legal in nature (capable of determination irrespective of discovery issues)."

to provide such coverage for both current and retired employees of the City of Medford" and denied the city's summary judgment motion with respect to the ORS 243.303(2) claim.

After the parties engaged in discovery, plaintiff moved for summary judgment on his ORS 243.303(2) claim. To establish that it was "possible" to provide coverage to retired employees, plaintiff pointed to evidence that (1) there were insurance companies available that provided group health insurance that allowed retirees to continue their coverage upon retirement and (2) the city's authorized representative admitted that it was "possible" for the city to secure health insurance that covered retirees because the city had obtained quotes from insurance providers for such coverage.

In response, the city again challenged plaintiff's interpretation of the statute. The city argued that the legislature's intent "was to permit local government to make continuing coverage available to retirees, to the extent it was possible, *recognizing that this would depend on whether the provider chosen by the employer to provide the coverage would agree to extend such coverage to retirees until eligible for Medicare.*" (Emphasis added.) In other words, the city argued that a local government had total discretion to choose an insurance provider, and, if the provider did not offer a plan for retiree insurance, extending coverage to retirees was not "possible" under ORS 243.303(2). The city also argued that plaintiff had left regular employment and was no longer entitled to relief and that, if the court ordered the city to purchase insurance that covered retirees, the city could elect, under ORS 243.303(2), to pay none of the costs of making coverage available.

In its ruling on plaintiff's motion for summary judgment, the court noted that earlier it had rejected the city's "position that the [city was] not required to provide such benefits because it was 'impossible' as a matter of law and undisputed fact." The court further explained that,

"[d]uring the subsequent discovery proceedings, plaintiff [had] solicited evidence from the appropriate City representative that it was, indeed, possible for the City to contract

for, or otherwise provide, health benefit insurance for both current employees and retired employees. Though the City protests that the additional costs for such coverage are an important factor to consider, this Court also previously ruled that "* * * the City may not rely on the cost of insurance coverage as indicating "impossibility.""""

The court determined that the city had directed the court "to no other evidence from which this Court could identify a disputed issue of material fact that would preclude granting plaintiff's motion as a matter of law. It is apparent from the record that other insurance which provides bridge coverage for retirees indisputably is and has been available." The court went on to reject the city's argument, based on the legislative history of ORS 243.303(2), that the city had discretion to chose an insurance provider that did not provide coverage to retirees; the court noted that it had earlier considered similar contentions and characterized the city's argument as a "request for reconsideration" that it found "unpersuasive." The court rejected the city's remaining arguments and granted plaintiff's summary judgment motion.

We start with the question of whether the trial court erred in construing ORS 243.303(2). As noted, the city asserts that the trial court's construction of the statute—in its ruling on plaintiff's summary judgment motion and its ruling on the city's summary judgment motion—is in direct conflict with the Supreme Court's decision in *Doyle II*. We agree. The trial court ruled that plaintiff could establish that the city violated ORS 243.303(2) by showing that "insurance which provides bridge coverage for retirees indisputably is and has been available" and that, to create a genuine issue of material fact, the city had the burden to show that such coverage was not available. In *Doyle II*, however, the Supreme Court specifically rejected the argument that "if there are providers available who are willing to provide [health insurance] coverage that includes retirees, the city must provide that coverage, regardless of cost or other circumstances." 347 Or at 570 (internal quotation marks omitted; brackets in original). The court concluded that the statute was "not intended to be unduly burdensome," and a local government could present evidence of "factual circumstances

that excuse" its obligation under ORS 243.303(2). *Id.* at 576, 579. It follows that the trial court applied the wrong legal standard to evaluate plaintiff's ORS 243.303(2) claim.

Plaintiff contends, however, that regardless of any error in the trial court's construction of ORS 243.303(2), under *Doyle II*, the city bore the burden to establish a factual excuse to the city's statutory obligation, yet the city did not present any evidence to excuse its obligation. In plaintiff's view, regardless of how ORS 243.303(2) was viewed in the trial court, we should now apply the statutory test as articulated in *Doyle II* to the evidence in the summary judgment record to determine whether to affirm the trial court's ruling. In other words, plaintiff requests that this court exercise its discretion to affirm the trial court's ruling on plaintiff's summary judgment motion as right for the wrong reason. *Outdoor Media Dimensions Inc. v. State of Oregon*, 331 Or 634, 659-60, 20 P3d 180 (2001).[8]

---

[8] Plaintiff refers to the trial court's error as "harmless." We do not understand the plaintiff to suggest that applying the wrong legal standard to plaintiff's summary judgment motion did not affect the trial court's disposition on that motion; rather, we understand the plaintiff to be arguing that, regardless of the trial court's legal error, summary judgment was nonetheless proper under the legal standard announced in *Doyle II—i.e.*, under the correct legal standard. *See Williams v. Freightliner, LLC*, 196 Or App 83, 88, 100 P3d 1117 (2004) (applying the right-for-the-wrong-reason approach when the trial court granted the defendant's summary judgment motion on the plaintiff's employment discrimination claim based on the wrong legal standard). This court, as a matter of discretion, may affirm the trial court's ruling if "certain conditions are met":

"The first condition is that, if the question presented is not purely one of law, then the evidentiary record must be sufficient to support the proffered alternative basis for affirmance. That requires: (1) that the facts of record be sufficient to support the alternative basis for affirmance; (2) that the trial court's ruling be consistent with the view of the evidence under the alternative basis for affirmance; and (3) that the record materially be the same one that would have been developed had the prevailing party raised the alternative basis for affirmance below. In other words, even if the record contains evidence sufficient to support an alternative basis for affirmance, if the losing party might have created a *different* record below had the prevailing party raised that issue, and that record could affect the disposition of the issue, then we will not consider the alternative basis for affirmance. The second condition is that the decision of the lower court must be correct for a reason other than that upon which the lower court relied. Third, and finally, the reasons for the lower court's decision must be either (a) erroneous or (b) in the reviewing court's estimation, unnecessary in light of the alternative basis for affirmance."

*Outdoor Media Dimensions Inc.*, 331 Or at 659-60 (emphasis in original).

The first question is whether the facts in the summary judgment record are sufficient to support the alternative basis for affirmance. *Id.* at 659. Plaintiff argues that he put forward evidence that the city could contract with an insurer that provided insurance to retirees, and the city failed to respond with evidence that compliance with ORS 243.303(2) was not possible. Although the city contends that it did submit "evidence of costs," our review of the summary judgment record reveals that the city did not present evidence of factual circumstances that excuse its obligation under ORS 243.303(2). For example, although the city points to evidence on "costs" in its summary judgment motion, that evidence simply establishes that the city chose to purchase the OTET insurance plan because it cost less to cover current employees than the plan the city had been using. That extent of proof is to be expected: At that stage, the city offered evidence tailored to its view that, under ORS 243.303(2), it had no duty to make health insurance coverage available to retirees, and it had discretion to choose a plan that did not include retiree coverage. And after the trial court concluded, in ruling on the city's motion for summary judgment, that the governing question under ORS 243.303(2) was whether an insurance provider was "willing to provide * * * coverage for both current and retired employees," the city did not further marshal evidence excusing its compliance with ORS 243.303(2)—either because that compliance was cost prohibitive or was otherwise unduly burdensome. Even if the city's evidence did present a question of fact as to whether health insurance plans that provided coverage for retirees were more costly than the current plan, the city does not explain why it could not pass along the additional costs "by collective bargaining agreement or otherwise," as allowed by ORS 243.303(2), or why, for example, any costs that the city could not recoup would be "unduly burdensome" to the city or hinder its ability to fulfill other obligations. *See Doyle II*, 347 Or at 579 ("Local governments exist to provide government services, and they have statutory and contractual obligations to employees, retirees, and the citizens within their jurisdictions."). Contrary to the city's argument, when plaintiff moved for summary judgment, the city did not present evidence that would establish the kind of factual excuse described in *Doyle II.*

We do not agree with plaintiff, however, that it follows that we should exercise our discretion to affirm the trial court's ruling. Even where the record contains evidence sufficient to support an alternative basis for affirmance, we will not exercise our discretion to affirm on that alternative basis "if the losing party might have created a different record below had the prevailing party raised that issue, and that record could affect the disposition of the issue." *Outdoor Media Dimensions Inc.*, 331 Or at 660 (emphasis omitted). Here, as the parties began the discovery process, they were operating under the narrow, mistaken view that a violation of ORS 243.303(2) turned on whether an insurance company existed that offered the same insurance coverage to employees and retirees. No party put forward the interpretation of the statute that the Supreme Court adopted in *Doyle II*; plaintiff's proffered construction of the statute, which the trial court adopted, was explicitly rejected by the Supreme Court in *Doyle II*. 347 Or at 570. If any party had advanced the statutory standard articulated in *Doyle II* or if plaintiff had moved for summary judgment based on that standard, the city might have put forward evidence showing that compliance with the statute "would be unreasonably burdensome, even if it is not factually impossible." *Id.* at 573.

Thus, although plaintiff is correct that, under *Doyle II*, the city has the burden to present facts showing that compliance with the statute was not possible, neither the parties nor the trial court understood that the city could establish a genuine issue of material fact by pointing to factual circumstances that excuse its obligation under ORS 243.303(2). Rather, as ORS 243.303(2) was understood at the time—and earlier, when discovery began—once plaintiff showed that "insurance which provides bridge coverage for retirees indisputably is and has been available," that was the end of the inquiry on plaintiff's claim. Because that was not the correct standard to test the evidence presented on summary judgment, and because the city might have created a different evidentiary record under the standard articulated in *Doyle II*, we decline to exercise our discretion to affirm the trial court's ruling on the ORS 243.303 claim.[9]

---

[9] The city also argues that the trial court erred in granting plaintiff's motion for summary judgment because "applicable collective bargaining agreements"

The city next argues, in its second assignment of error, that the trial court erred in ruling in plaintiff's favor on the city's summary judgment motions filed in June and August 2008. The city claims that, in both those motions, it argued that the Employment Retirement Income Security Act of 1974, commonly known as ERISA, preempted ORS 243.303 and barred plaintiff's claim for relief under the statute. Plaintiff responds that the issue is not preserved. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve an issue at trial, a party "must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"). Plaintiff argues that, because the city did not adequately raise the ERISA preemption issue in its motions for summary judgment, there is no ruling on that issue to which the city can assign error.

In June 2008, the city filed its first summary judgment motion. In that motion, the city presented several arguments, including an argument that OTET is "covered" as an "employee benefit plan" by ERISA, 29 USC § 1002(1), (3), and that "ORS 243.303 is preempted by ERISA." In his response, plaintiff requested a continuance on the motion pending further discovery under ORCP 47 F. Plaintiff also addressed several of the issues raised in the city's motion, but it did not address the ERISA preemption issue. The court then ordered the parties to identify those issues that were "purely legal in nature (capable of determination irrespective of discovery issues)" among "the numerous issues raised in [the city's] pending motion for summary judgment." In its order, the court noted that the city's counsel had "verbally represented to the court * * * that he would be filing a more narrowly focused summary judgment motion which he asserts will dispense with several threshold legal issues," but he had yet to do so.

---

preempted the ORS 243.303(2) claim. Plaintiff responds that the city's argument is not preserved. Because we conclude that the trial court otherwise erred in granting plaintiff's summary judgment on his statutory claim, we do not consider the city's argument as to the preemptive effect of collective bargaining agreements.

In response to the trial court's order, the city filed a "Motion for Partial Summary Judgment" in August 2008 "on all claims that can be determined on legal grounds without the need for further discovery." The motion did not mention ERISA preemption. Later that month, the court sent a letter to the parties listing 10 legal issues to be addressed; the ERISA preemption issue was not among them.

Plaintiff filed a response brief to the city's motion for partial summary judgment but did not address ERISA preemption. Nevertheless, in a reply brief to its motion for partial summary judgment filed in the *Doyle* case—but not this case—the city raised the ERISA preemption issue. The ERISA preemption issue was then briefly discussed at a joint hearing on the motions filed in both cases. At that hearing, the court noted that one of the issues identified in its letter—whether labor law preempts any of plaintiff's claims— "raise[d] the possibility of an argument about ERISA since OTET is some sort of labor trust or something like that." Plaintiff then addressed the ERISA preemption issue, along with several other issues, in a "citation of supplemental authorities" filed in both cases.

The court issued separate orders on the city's summary judgment motions in the *Doyle* and *Bova* cases addressing the 10 legal issues identified in its letter to the parties. In the *Doyle* case, the court explicitly rejected the city's ERISA preemption argument:

> "[The city] also argue[s] that the claims in this case are pre-empted by federal ERISA law. This argument also must fail, since government benefit plans are not covered by ERISA."

In ruling on the city's summary judgment motion in the *Bova* case, however, the court addressed all the issues raised in the city's "motion for partial summary judgment" but did not address the preemption argument. The court also stated that "any portions of [the city's] pending motions for summary judgment that have not otherwise been disposed of in this opinion are denied, with leave to refile after discovery is complete." In the *Bova* case, the city filed another summary judgment motion after discovery was completed, but the city

did not raise the ERISA preemption issue. The court denied that motion.

With that rather tortuous procedural history in view, we conclude that the city did not preserve its ERISA preemption argument for review. The city plainly identified that argument as one of the legal issues subject to summary determination before discovery. In accordance with that view, the city submitted a reply brief in support of its motion for partial summary judgment arguing that the *Doyle* plaintiffs' ORS 243.303 claim was preempted by ERISA. But the city only filed that reply brief in the *Doyle* case, and, accordingly, the trial court ruled on the issue in denying the summary judgment motion in the *Doyle* case. From those rulings, it is apparent that the trial court did not understand that the city was making any argument in the *Bova* case that summary judgment should be granted in its favor because ERISA preempted plaintiff's ORS 243.303 claim.[10]

Even if we assume that the city sought and obtained a ruling on the city's ERISA preemption argument in the *Bova* case, the argument that the city now raises on appeal was not made to the trial court. The city contends that the trial court erred in concluding that the health insurance plan here was a "governmental plan" not covered by ERISA. *See* 29 USC § 1003(b)(1) (ERISA provisions do not apply to governmental plans); 29 USC § 1002(32) ("The term 'governmental plan' means a plan established or maintained for its employees * * * by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."). Specifically, it argues that the OTET plan is not a governmental plan because "[t]he plan's participants include employees of private businesses, not just governmental employees." The city never raised that fact-based argument in the trial court, and neither plaintiff nor the trial court had the opportunity to address it. Because the

---

[10] The city suggests that, in denying those portions of the city's summary judgment motions that had "otherwise been disposed of in this opinion," the trial court ruled on the preemption issue in the *Bova* case. But in giving the city leave to refile its motion on those issues after discovery, it is apparent that the court was referencing those issues that could not be decided without further discovery. And, in the *Doyle* case, the city had identified the preemption issue as one that could be decided "on legal grounds." Moreover, the city did file another summary judgment motion, but it did not raise the ERISA preemption issue.

city failed to preserve its argument that ERISA preempts ORS 243.303, we do not consider it further.

The city presses two additional assignments of error related to the ORS 243.303(2) claim: that the trial court erred in finding it in contempt of the trial court's orders to comply with ORS 243.303(2), and that the trial court erred in awarding attorney fees and costs on that claim. We reject the city's assignment of error related to the contempt judgment without published discussion. As to the supplemental judgment for attorney fees and costs on the ORS 243.303(2) claim, that judgment arose from the limited judgment on the ORS 243.303(2) claim, and it was entered before the general judgment. We have held that a supplemental judgment arising from a limited judgment that is entered before the general judgment is not valid and thus not appealable. *White v. Vogt*, 258 Or App 130, 144, 308 P3d 356 (2013) (so concluding); *see also* ORS 18.005(17) (a supplemental judgment is "a judgment that may be rendered *after a general judgment* pursuant to a legal authority" (emphasis added)). Accordingly, we dismiss the appeal from the supplemental judgment.

We turn to the city's remaining assignments of error—the fourth, fifth, and sixth—all of which address plaintiff's age discrimination claim under ORS 659A.030(1)(b). The city contends that the trial court erred in allowing plaintiff to try his age discrimination claim, over the city's objection, on a theory of disparate impact, because that theory had not been pleaded and depended on different proof than the disparate treatment theory that plaintiff had pleaded. We accepted that same argument in *Doyle V*, reasoning that (1) ORCP 16 B requires that alternative theories be identified within each claim; (2) the alternative theory of disparate impact was not identified in the *Doyle* plaintiffs' age discrimination claim; and (3) the exception described in ORCP 23 B—allowing an issue not pleaded to be tried by express or implied consent of the parties—did not apply because the city had not consented to try the case on the disparate impact theory. 256 Or at 645-47. Accordingly, we concluded that the trial court erred in awarding relief to the plaintiffs on their age discrimination claim on a theory of disparate impact. *Id.* at 647.

So too here. As in *Doyle V*, plaintiff's complaint did not plead age discrimination based on a theory of disparate impact, and plaintiff made no request to amend his pleading to allege a disparate impact theory. Further, at the joint bench trial held on plaintiff's age discrimination claim and the *Doyle* plaintiffs' age discrimination claim, the city did not consent to try the case based on a theory of disparate impact. As a result, we conclude that the trial court erred in allowing plaintiff's age discrimination claim to proceed to trial on the unpleaded theory of disparate impact.[11]

In A144254, limited judgment reversed and remanded. In A146597, appeal dismissed. In A147477, contempt judgment affirmed; general judgment on claim for age discrimination under ORS 659A.030 reversed; otherwise affirmed.

---

[11] The city also contends that the trial court erred in denying its motion for a directed verdict on the age discrimination claim because Oregon does not recognize age discrimination based on a theory of disparate impact and because plaintiff's evidence of disparate impact was not legally sufficient. Given our conclusion that the trial court erred in considering the disparate impact theory, we need not address those questions.