Argued and submitted July 17, 2013, award of attorney fees and costs to
plaintiff on plaintiff's claim for age discrimination reversed; otherwise affirmed
May 21, 2014

Joseph BOVA,
*Plaintiff-Respondent,*

*v.*

CITY OF MEDFORD,
an incorporated Subdivision of the State of Oregon;
and Michael Dyal, City Manager of the City of Medford,
as an Individual, and in his official capacity,
*Defendants-Appellants.*

Jackson County Circuit Court
081663E7; A150810

326 P3d 1256

Robert E. Franz, Jr., argued the cause and filed the briefs
for appellants.

Stephen L. Brischetto argued the cause and filed the
briefs for respondent.

Before Duncan, Presiding Judge, and Wollheim, Judge,
and Schuman, Senior Judge.

SCHUMAN, S. J.

## SCHUMAN, S. J.

This case is the latest battle—but probably not the last—in an ongoing war between the City of Medford and its retired employees, including plaintiff, a now-retired former city employee.[1] The underlying dispute is over the city's refusal to make available to retired employees the same health care insurance that was available to them before retirement. The trial court ruled in favor of plaintiff on his claim that the city violated a statute requiring local governments to provide the health care opportunities to retirees, ORS 243.303(2); on his claim that the city violated ORS 659A.030(1)(b) by discriminating against him on the basis of his age; and on his claim that the city was in contempt of court for failing to comply with the court's order to provide the requested health care opportunities. In *Bova v. City of Medford*, 262 Or App 29, 324 P3d 492 (2014) (*Bova I*), we affirmed the trial court's ruling holding the city in contempt, we reversed and remanded the trial court's ruling on the claim under ORS 243.303(2), and we reversed the trial court's judgment in favor of plaintiff on his claim under ORS 659A.030(1)(b). In this appeal, filed as a separate matter, the city challenges the trial court's rulings that awarded plaintiff costs and attorney fees with respect to the contempt and age discrimination claims. We reverse the award of costs and attorney fees with respect to the age discrimination claim and affirm the award with respect to the contempt matter.

As relevant to this appeal, plaintiff in *Bova I* alleged that (1) the city violated ORS 243.303(2), which requires that a "local government that contracts for or otherwise makes available health care insurance coverage for officers and employees of the local government shall, insofar as and to the extent possible, make that coverage available for any retired employee of the local government"; and (2) the city discriminated against plaintiff on the basis of his age in violation of ORS 659A.030(1)(b).[2] The trial court

---

[1] Plaintiff is a member of a class of current and former city employees in this class action suit. Although there are two defendants, the city and the city manager, we refer to them collectively as "the city."

[2] ORS 659A.030(1)(b) provides that it is an unlawful employment practice "[f]or an employer, because of an individual's * * * age if the individual is 18 years

"concluded that, in failing to offer that coverage, the city violated ORS 243.303(2), * * * [and] ordered the city to provide plaintiff and the class members with health insurance coverage that included the option to purchase that same health insurance at the time they retired. The trial court later awarded plaintiff attorney fees on that claim and found the city in contempt of the court's orders to comply with ORS 243.303(2). Separately, following a trial to the court, the court concluded that, by not making the same health insurance coverage available to plaintiff upon his retirement, the city had discriminated against him on the basis of age under ORS 659A.030(1)(b)."

*Bova I*, 262 Or App at 31 (footnote omitted). The court also awarded plaintiff $48,609.96 in costs and attorney fees for successfully litigating the contempt matter and $68,771.25 for costs and attorney fees on the age discrimination claim.

On appeal in *Bova I*, we

"conclude[d] that the trial court erred in granting summary judgment to plaintiff on his claim for declaratory and injunctive relief under ORS 243.303(2), because the legal standard that the trial court applied conflicts with the standard articulated by the Supreme Court in *Doyle v. City of Medford*, 347 Or 564, 227 P3d 683 (2010), a decision that issued after the trial court's summary judgment ruling. We reverse[d] and remand[ed] the limited judgment on the ORS 243.303(2) claim for declaratory and injunctive relief for further proceedings. As to plaintiff's age discrimination claim under ORS 659A.030(1)(b), we conclude[d] that the trial court erred in allowing plaintiff to try that claim, over the city's objection, on a theory of disparate impact, because that theory had not been pleaded and depended on proof different from the disparate treatment theory that plaintiff had pleaded. We therefore reverse[d] the trial court's judgment in favor of plaintiff on his age discrimination claim. Because the supplemental judgment for attorney fees [for the ORS 243.303(2) claim] is not appealable, we dismiss the city's appeal of that judgment."

*Id.* at 31-32. We affirmed without discussion the contempt judgment.

of age or older * * * to discriminate against the individual in compensation or in terms, conditions or privileges of employment."

In the present appeal, the city assigns error to the trial court's award of costs and attorney fees with respect to the contempt and age discrimination claims—that is, the city argues that, if we reverse on those issues, we should also reverse the associated awards of costs and attorney fees. Plaintiff, in two cross-assignments of error, concedes that, if we reverse the trial court on all of its rulings in favor of plaintiff, then he is not entitled to costs or fees, but that, if we reverse on some issues but affirm on others (as, in fact, we subsequently did), then we should award fees based on the "substantial benefit and common fund equitable doctrines" or based on ORS 20.105(1), which requires the award of fees if the court finds that "there was no objectively reasonable basis for asserting the claim, defense or ground for appeal."

Because we affirmed the trial court with respect to the contempt matter in *Bova I,* we have no reason to reverse the associated award of costs and fees, nor does the city so argue. We therefore affirm the trial court's award of fees on that matter.

Because we reversed the trial court with respect to the age discrimination claim, we also reverse on the award of attorney fees and costs relative to that claim. In so doing, we reject without extended discussion plaintiff's cross-assignments of error in which he argues that he is entitled to attorney fees under the equitable doctrines of "common fund" or "substantial benefit," or, alternatively, under ORS 20.105(1). The "common fund" doctrine is inapplicable because plaintiff's success in the contempt matter—the only one on which he prevailed—did not "create, discover, increase, or preserve a fund of money to which others also have a claim[.]" *Strunk v. PERB,* 341 Or 175, 181, 139 P3d 956 (2006). The "substantial benefit" doctrine is inapplicable because plaintiff did not vindicate an important *constitutional* right applying to all citizens without any gain to himself. *Pendleton School Dist. v. State of Oregon,* 347 Or 28, 33-34, 217 P3d 175, *adh'd to as modified on recons,* 347 Or 344, 220 P3d 744 (2009). And ORS 20.105(1) does not apply because, in light of our decision in *Bova I,* we cannot say that the city had "no objectively reasonable basis" for taking the position it took below or on appeal.

Award of attorney fees and costs to plaintiff on plaintiff's claim for age discrimination reversed; otherwise affirmed.