On respondent's petition for reconsideration filed May 30, and on appellants' petition for reconsideration filed June 4, and respondent's response to appellants' petition for reconsideration filed June 11, petitions for reconsideration allowed; former opinion (263 Or App 179, 326 P3d 1256) adhered to August 13, petition for review denied December 11, 2014 (356 Or 574)

Joseph BOVA,
*Plaintiff-Respondent,*

*v.*

CITY OF MEDFORD,
an incorporated Subdivision of the State of Oregon;
and Michael Dyal,
City Manager of the City of Medford,
as an Individual, and in his official capacity,
*Defendants-Appellants.*

Jackson County Circuit Court
081663E7; A150810

333 P3d 1144

Robert E. Franz, Jr., for appellants' petition.

Stephen L. Brischetto for respondent's petition and response.

Before Duncan, Presiding Judge, and Wollheim, Judge, and Schuman, Senior Judge.

SCHUMAN, S. J.

**SCHUMAN, S. J.**

Plaintiff is a retired employee of defendant, the City of Medford. Both parties petition this court for reconsideration of its opinion in *Bova v. City of Medford*, 263 Or App 179, 326 P3d 1256 (2014) (*Bova II*). In that opinion, we summarized the procedural posture and the parties' positions as follows:

> "The underlying dispute is over the city's refusal to make available to retired employees the same health care insurance that was available to them before retirement. The trial court ruled in favor of plaintiff on his claim that the city violated a statute requiring local governments to provide the health care opportunities to retirees, ORS 243.303(2); on his claim that the city violated ORS 659A.030(1)(b) by discriminating against him on the basis of his age; and on his claim that the city was in contempt of court for failing to comply with the court's order to provide the requested health care opportunities. In *Bova v. City of Medford*, 262 Or App 29, 324 P3d 492 (2014) (*Bova I*), we affirmed the trial court's ruling holding the city in contempt, we reversed and remanded the trial court's ruling on the claim under ORS 243.303(2), and we reversed the trial court's judgment in favor of plaintiff on his claim under ORS 659A.030(1)(b). In this appeal, filed as a separate matter, the city challenges the trial court's rulings that awarded plaintiff costs and attorney fees with respect to the contempt and age discrimination claims."

*Bova II*, 263 Or App at 180.

Because this court, in *Bova I*, had reversed the trial court's decision in favor of plaintiff on his age discrimination claim, we held that plaintiff was consequently not entitled to attorney fees ($68,771.25) on that claim. *Bova II*, 263 Or App at 182. We also held that, because plaintiff had prevailed in *Bova I* on his contempt claim, he *was* entitled to the attorney fees associated with that claim ($48,609.96). We stated, "Because we affirmed the trial court with respect to the contempt matter in *Bova I*, we have no reason to reverse the associated award of costs and fees, nor does the city so argue. We therefore affirm the trial court's award of fees on that matter." Finally, we rejected plaintiff's cross-assignment of error in which he argued that he was entitled

to all of his attorney fees on all of his claims under the equitable doctrines of "common fund" or "substantial benefit."

We predicted in *Bova II* that it was "the latest battle—but probably not the last—in an ongoing war between the City of Medford and its retired employees * * *." *Id.* at 180. This case (*Bova III*) validates our premonition. The city argues that we should have reversed the trial court's award of attorney fees to plaintiff for prevailing on the contempt claim. Plaintiff argues that we should have awarded him fees for all of his work on the case under the "substantial benefit" doctrine. We reject both of those arguments for the reasons that follow.

We begin with the city's petition. It asserts that we made a factual error in stating that the city did not contest plaintiff's award of costs and fees for the contempt claim; according to the city, it advanced that contention in a supplemental brief when it stated that the award of costs and fees relative to the age discrimination claim had to be reversed because the claim itself was reversed in the *general* judgment underlying this case and *Bova I*, and,

> "'[a]s to the other costs, disbursements, and attorney fees at issue in the case at bar [including, presumably, the costs and fees associated with the contempt claim], those costs, disbursements, and attorney fees were awarded in a supplemental limited judgment that arose from *limited* judgments; and therefore, the supplemental judgment is invalid, and the costs, disbursements, and attorney fees are not collectable. As held in [*Bova I*,] "[w]e have held that a supplemental judgment arising from a limited judgment that is entered before the general judgment is not valid and thus not appealable."' Thus, the city did argue that the fees associated with the contempt should not be affirmed."

(Emphasis and bracketed material added.) There are two problems with the city's argument. First, it appears to assert that, if a supplemental judgment arising from a limited judgment is entered before the general judgment, that supplemental judgment is invalid. Therefore, the city continues, since the supplemental judgment for fees and costs was entered before the general judgment, it was invalid and

the fees and costs are "not collectible," so we should negate them. That is not what *Bova I* held; rather, it held that, if there is an invalid supplemental judgment awarding fees, the appeal from that invalid supplemental judgment *must be dismissed*:

> "The city presses two additional assignments of error related to the ORS 243.303(2) claim: that the trial court erred in finding it in contempt of the trial court's orders to comply with ORS 243.303(2), and that the trial court erred in awarding attorney fees and costs on that claim. We reject the city's assignment of error related to the contempt judgment without published discussion. As to the supplemental judgment for attorney fees and costs on the ORS 243.303(2) claim, that judgment arose from the limited judgment on the ORS 243.303(2) claim, and it was entered before the general judgment. We have held that a supplemental judgment arising from a limited judgment that is entered before the general judgment is not valid and thus not appealable. *Accordingly, we dismiss the appeal from the supplemental judgment.*"

*Bova I*, 262 Or App at 49 (emphasis added; internal citations omitted). *Bova I* did not countenance the city's appeal from an invalid supplemental judgment as a collateral attack on the supplemental judgment itself; it held that the city's appeal from that invalid judgment had to be dismissed. Applying that precept to this case would result, not in the eradication of the supplemental judgment (*i.e.*, making it "not collectible"); rather, it would result in dismissing the city's appeal of that judgment.

Second, nowhere in its opening or supplemental briefs does the city demonstrate that, in the underlying trial, it preserved its claim of error by objecting to the award of attorney fees to plaintiff on the ground that the supplemental judgment was invalid. We doubt that the city made that objection and, in any event, we will not comb through the voluminous record looking for it. In sum, we reject the city's argument that we erred in *Bova II* by affirming the award of attorney fees to plaintiff on his contempt claim.

Plaintiff, for his part, argues that we erred in rejecting his contention that he is entitled to attorney fees

under the "substantial benefit" doctrine. He correctly notes that we concluded that "the 'substantial benefit' doctrine is inapplicable because plaintiff did not vindicate an important *constitutional* right applying to all citizens without gain to himself." *Bova II*, 263 Or App at 182 (emphasis in original; citation omitted). According to plaintiff, we neglected to deal with a line of cases beginning with *Gilbert v. Hoisting & Port. Engrs*, 237 Or 130, 390 P2d 320 (1964), and including more recently *Crandon Capital Partners v. Shelk*, 342 Or 555, 157 P3d 176 (2007). That line of cases, he asserts, establishes that a plaintiff can be entitled to attorney fees even if he or she does not vindicate a constitutional right. Rather, the entitlement occurs if a plaintiff brings an action for the benefit of an entire organization or if there are other circumstances in which equitable relief would in effect be denied or severely inhibited unless the plaintiff who prevails in the suit is awarded attorney fees. *Gilbert*, 237 Or at 141. "Under *Gilbert*," plaintiff maintains, "fees may be awarded when one party files litigation which confers a substantial benefit on others," even if that substantial benefit is not the vindication of a constitutional right.

Plaintiff correctly characterizes the so-called *Gilbert-Crandon* line of cases. He also correctly notes that a party may be entitled to attorney fees under one or another equitable (as opposed to statutory) circumstance: when a party has vindicated an important constitutional right applying to all citizens without any gain to himself, *Pendleton School Dist. v. State of Oregon*, 347 Or 28, 33-34, 217 P3d 175, *adh'd to as modified on recons*, 347 Or 344, 220 P3d 744 (2009); when a party has "creat[ed], discover[ed], increase[d], or preserve[d] a fund of money to which others also have a claim," *Strunk v. PERB*, 341 Or 175, 181, 139 P3d 956 (2006); and, as plaintiff contends, when a party's action confers a substantial benefit on others, even if that benefit is neither constitutional nor financial.

As we held in *Bova II*, plaintiff did not vindicate a constitutional right, nor did he create, discover, increase, or preserve a financial benefit for others. After *Bova I*, where the only claim on which plaintiff prevailed was for contempt, we conclude that he has not provided others with

any *substantial* benefit. We therefore adhere to our prior decision.[1]

Petitions for reconsideration allowed; former opinion adhered to.

---

[1] In *Bova I*, we remanded plaintiff's claim based on ORS 243.303(2). If plaintiff prevails on remand, he can petition for attorney fees based on that claim and can, in that eventuality, once again argue the substantial benefit theory.